[No. 2392.]

## H. W. Wade v. The State.

1. Statement of Facts—Definition of a Term.—Article 1378 of the Revised Statutes requires that when the parties fail to agree upon a statement of facts, the trial judge shall make out and "sign" and file with the clerk a correct statement of the facts proved on the trial, which statement shall constitute a part of the record in the case. There being no statutory requirement that the signature of the judge shall appear at the conclusion of the statement, and there being no statutory definition of the word "sign," the rule that "ordinary signification shall be given to words, and that words not specially defined in the statute are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed," must be resorted to in order to define "sign." As used in the statute, the word "sign" is synonymous with the word "subscribe," which means to place a signature at the end of a written instrument. Under this rule, a statement of facts, to be properly authenticated, must bear the signature of the trial judge at its conclusion, and if the judge's certificate, though officially signed by him, precedes the statement and certifies the "following" as a correct statement of the facts proved on the trial, it is not a sufficient authentication of the statement.

2. Same—Practice in this Court.—In the absence of a sufficient statement of facts, this court will consider only the sufficiency of the indictment and the abstract correctness of the charge of the court, to sustain the verdict of the jury.

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrill, County Judge.

The conviction in this case was for the obstruction of a public road, and the penalty assessed was a fine of twenty dollars.

*Montrose & Grubb*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. The Assistant Attorney General moves to strike out of the record that portion thereof which purports to be a statement of facts, because the same is not authenticated in the manner required by law. We find the statement of the

evidence preceded by the following statement and certificate of the trial judge, to wit: "The State of Texas v. H. W. Wade. Counsel for the State and defendant having failed to agree on a statement of facts proved on the trial of the above cause, I submit the following as substantially the facts proved. J. S. Sherrill, County Judge;" and then follows the statement of the evidence; and there is no other authentication of the same. It appears, however, that the paper was filed in the cause in due time.

The statute requires, where the parties do not agree to a statement of facts, that the judge shall "make out and sign, and file with the clerk, a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record." (Rev. Stats., Art. 1378.) The statute does not provide any form to be used in authenticating the statement, nor does it require in express terms that the signature of the judge shall appear at the conclusion of the same. If it be *signed* by the judge and purports upon its face to be a correct statement of the facts proven on the trial, it is sufficiently authenticated. Was the paper before us *signed* by the judge? Our statute provides that ordinary signification shall be given to words (Rev. Stat., Art. 3138); and, again, that "words which are not specially defined in the statute are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." (Penal Code, Art. 10.) There is no statutory definition of the word "sign." What, then, is its ordinary signification as understood in common language, considering the context and subject matter relative to which it is used in Article 1378, Revised Statutes? We are of the opinion that it means that the judge shall *subscribe* his name officially to the statement of facts; that is, that he shall sign his name officially at the *conclusion* of the statement. As used in this statute, the word *sign* is synonymous with the word *subscribe,* which means to place a signature at the bottom of a written instrument. (Webster's Dic., words *"sign"* and *"subscribe."*) Mr. Bouvier says, "by signature is understood the act of putting down a man's name at the end of an instrument, to attest its validity." (2 Bouv. Law Dic., word "signature.")

There are some instances in which it has been held that an instrument in the hand writing of the party whose act it purports to be, beginning, "I, A. B.," etc., is sufficiently signed to render such instrument valid as the act of such party. (2

Bouvier Law Dic.. "Signature;" 7 Wait's Ac. & Def., p. 38, sec. 8.) But these decisions, even if correct, which has been questioned, are not applicable to the question now before us, in as much as we must be guided in our construction of the law by the statutory rules above cited. Having in view those rules, we must hold that the intent of the statute is that the statement of facts must be authenticated by the official signature of the judge subscribed thereto, and that the placing of his signature at the beginning, or in some other place in the indictment, will not authenticate the statement. These being our views, the motion of the Assistant Attorney General is sustained.

There are several questions presented in the record and signed by counsel for defendant, but they are all of a character that can not, in the absence of a statement of facts, be determined. The indictment is good, and the charge of the court conforms to the indictment, and, as far as we are able to perceive, not having the facts of the case before us, there is no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Opinion delivered November 13, 1886.