## JOHN RUSSELL v. THE STATE.

### No. 5621. Decided February 11, 1920.

**1.—Burglary—Private Residence—Recent Possession—Rule Stated.**

When there is proof that a burglary has been committed, and property stolen from the premises, the possession of the property thus recently stolen will sustain the verdict of conviction; however, the possession must be personal, recent, and unexplained, and must involve a distinct and concious assertion of property by the accused. Following: Cassas v. State, 12 Texas Crim. Rep., 59, and other cases.

**2.—Same—Case Stated—Insufficiency of the Evidence.**

Where, upon trial of burglary of a private residence in the night-time the evidence was insufficient to warrant the inference of guilt from the circumstances of possession of recently stolen property, and did not show such possession to be personal, exclusive, unexplained, etc., the same was insufficient to sustain the conviction. Following: Field v. State, 24 Texas Crim. App., 428.

Appeal from the District Court of Travis. Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of burglary of a private residence in the night-time; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Monroe & Patterson,* for appellant.—On question of recent possession: Love v. State, 58 Texas Crim. Rep., 270; Hill v. State,

39—86—T. C.

44 id., 603; Herndon v. State, 50 id., 552, and cases cited in the opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge—The appellant was convicted of burglary of a private residence at night-time. The residence was a room occupied by Conger, and on the twenty-fifth of February the burglary was proved to have taken place.

The State relied for a conviction solely upon evidence of possession by the appellant of the fruits of the crime. Upon that subject, this was the evidence: On the fifth of April, following the burglary, Conger identified a pocket-knife and a watch chain which were stolen from his room, and which he found in possession of a police detective at the police station in Austin. This detective's testimony on the subject was as follows:

"On the morning of April 4, I made a search, in company with City policeman Stubbs, of the residence of the defendant, John Russell, and wife, Rosa · Russell, located at 108 East Twenty-fifth St., Austin. As a result of the search, I arrested the defendant. We found, among other things, in Russell's residence a pocket-knife and watch chain, which were identified the next day by Mr. Conger as being his property taken from his residence on February 25. There were also found four pistols in the house and several flashlights. There was a negro man by the name of Yell occupying the house who was arrested and released."

When there is proof that burglary has been committed, and property stolen from the premises, the possession of the property thus recently stolen has been considered as a circumstance of such cogency that it will sustain the verdict of the jury connecting the possessor of the property with the offense. Payne v. State, 21 Texas Crim. Rep., 184, and other cases listed in Branch's Annotated Texas Penal Code, sec. 2346. To support such finding, however, the possession must be personal, recent, and unexplained, and must involve a distinct and conscious assertion of property by the accused. Casas v. State, 12 Texas, Crim. App., 59, and other cases in Branch's Annotated Penal Code, Sec. 2463. Mr. Burrill, in his work on circumstantial Evidence, says:

"But if it were only found lying in a house or room in which he lived jointly with others · equally capable of having committed the theft, it is clear that no definite presumption of his guilt could be made."

In the instant case, in which we have quoted all of the criminating evidence, we are made to know that property taken from the burglarized premises on February 25 was found on April 4 in a residence occupied by the appellant, his wife, and Fred Yell. The detective and a policeman searched the house and arrested the ap-

pellant. The size of the house, the number of rooms that it contained, the location of the property—whether found in a room occupied by appellant, or Yell, or where, are not disclosed, though manifestly the evidence was at hand, and available to the State. Was he in possession of the property? Was his possession exclusive? Did he exercise a conscious assertion of property over it? We do not know. In the absence of an effort on the part of the officers of the State to develop the facts which were manifestly in their possession, and which would tend to answer these questions essential to the State's case, the inference or presumption arising from such absence is in consonance with the presumption of innocence with which the law surrounds the accused, and not against it.

There are no circumstances other than the evidence of possession which we have quoted, and the fact that there were pistols and flashlights found on the premises, which tend to connect the appellant with the burglary; there are no declarations, no disclaimer of guilt of Yell, who was shown by the State's evidence to have been an occupant of the house with opportunity equal to that of the appellant; no proof that appellant was at his home on the occasion of the burglary; no tracks; nothing but the bare facts that some time after the burglary the stolen property was found in the house occupied by himself and others. He used the testimony of his mother, which, if true, definitely established an alibi, locating the appellant in San Antonio, some eighty miles distant from the scene of the crime at the time it was committed. The evidence does not exclude every reasonable hypothesis save that of the guilt of the accused. In the language of Judge Wilson in a similar case:

"The evidence falls far short of establishing the guilt of the appellant to that degree of moral certainty which excludes every other reasonable hypothesis. To warrant the inference of guilt of theft from the circumstances of possession of recently stolen property, such possession must be personal and exclusive, must be unexplained, and must involve a distinct and conscious assertion of property by the accused. No such possession is shown by the evidence in this case." Field v. State, 24 Texas Crim. App., 428.

The judgment of the trial is reversed and the cause remanded.

*Reversed and remanded.*