ROWE WALKER v. THE STATE.

No. 7709.   Decided June 6, 1923.

1.—Receiving—Stolen Property—Insufficiency of the Evidence—Accomplice—Corroboration—Rule Stated.

In determining the sufficiency of the evidence to corroborate an accomplice, the rule is to exclude from consideration the accomplice evidence, and look to the other testimony in the case to ascertain if it tends to connect the accused with the commission of the crime under investigation, and applying this rule in the instant case the corroborating evidence is insufficient to sustain the conviction.

2.—Same—Conspiracy—Principal—Theft.

It is contended in this case that the evidence shows a conspiracy, and that defendant, although not present at the time the theft was committed, substantially performed his part under the agreement of conspiracy, and is therefore guilty of theft or as an accomplice to the theft, and not of receiving stolen property, and the attention of the prosecuting officers is called thereto.

Appeal from the District Court of Comanche.   Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Hampton,* and *Callaway & Callaway,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for receiving stolen property of the value of more than fifty dollars. Punishment, two years in the penitentiary.

A serious question raised is the sufficiency of the evidence to support the conviction, and this turns upon the alleged failure to corroborate an accomplice witness. Robert Howard was an accomplice, so recognized by the court in charging the jury. In substance Howard testified that on the night of August 20th, 1922 he was driving in an automobile along a road in Comanche County and there met Tom Walker who was driving a comparatively new Ford but with a right rear fender missing; that witness and Tom Walker engaged in conversation and that about that time Jud Hanson came up; that the three of them took the car and left it in a pasture during the night; that witness and Tom Walker went to Deleon and told Rowe Walker (appellant) about having the car and wanted appellant to go and change the numbers on the car that night; this however he declined to do until the next morning when witness went back to Deleon and took appellant to where the car was; that he made some changes in the engine numbers on the car; that witness and appellant then went in witness's car to Stephenville where appellant fixd up a bogus bill of sale, and got some highway numbers; from Stephenville they went to Desdemonia where appellant bought a new right rear fender for the stolen car, and that witness and appellant returned late in the afternoon to where the car had been left in the pasture; that after putting the fender on the car witness took it and went to Rotan and stayed some two weeks. It further appears from the evidence of the witness Howard that he, Tom Walker, appellant and Jud Hanson had entered into an agreement or conspiracy to steal a car which was to be turned over to Hanson. It appears to have been witness's part of the agreement to aid in disguising the car and getting it out of the neighborhood where it was stolen until the investigation into its loss died down; that appellant's part was to change the engine numbers and that Hanson was to pay him two hundred dollars for his part in the transaction so far as this particular car was concerned. After Howard returned from Rotan he delivered the car to Hanson.

In determining the sufficiency of the evidence to corroborate an accomplice the rule is to exclude from consideration the accomplice evidence and look to the other testimony in the case to ascertain if it tends to connect accused with the commission of the crime under investigation. No witness who testified other than the accomplice ever saw Rowe Walker or Tom Walker (the latter being the party alleged to have stolen the car) in possession thereof, or testified to any connection they had either with the theft of the car or the subsequent disposition thereof. The car in question belonged to R. E. Coleman who lived at Comanche. About August 20th, 1922 it was stolen from

him. The right rear fender was off. Two months after the theft the car was found in the possession of Jud Hanson. At that time it had a new right rear fender on it. Coleman identified it by this new fender and certain dents or marks on the other fenders. Coleman had no knowledge as to the identify of the thief. The evidence shows that appellant was a large man, weighing about one hundred and eighty-five pounds and about six feet tall; that Howard was a smaller man, weighing about one hundred and thirty-five pounds. Mansall and Rushing operated a garage in the town of Desdemonia. They testified that about the last of August or the first of September, 1922, two men came to their garage and that while one was getting gasoline for the car the other bought a rear fender for a Ford automobile. These witnesses do not undertake to say whether it was a right rear fender or a left rear fender, nor do they in any way undertake to identify appellant and Howard as the two men engaged in that transaction. They only testified that one was a larger man than the other. Neither do they undertake to identify the new fender on the Coleman car as the one sold by them.

There is no other testimony in the record tending in the least to connect appellant with the Coleman car in any way whatever. It is apparent from what has been detailed that if the evidence of the accomplice witness Howard is eliminated all the evidence in this record would show is that Coleman had a car stolen from him which at the time was without a right rear fender; that two months thereafter this car was discovered, not in the possession of appellant, but in the possession of Jud Hanson and that at that time it had a new fender on it; that about the date of the theft two unidentified men bought a rear fender from a garage in Desdemonia. It may be that appellant is guilty of the offense charged against him, but the State is far from meeting the requirement of the law with reference to corroborating an accomplice witness before we can permit a conviction to stand. This court has been called upon to set aside convictions in many cases because of the insufficiency of the corroboration of an accomplice witness, but the law remains upon the statute books unchanged and we have no option but to apply it and reverse where it is not complied with. The learned trial judge should have granted a new trial and for his failure to do so the judgment must be reversed.

In the event the State should be able to secure other corroborating evidence and the case should be again tried there is another question raised by appellant to which we call attention. It is his contention that the evidence shows a conspiracy among Howard, Tom Walker, Jud Hanson and appellant to steal the car; that appellant, although not present at the time the car was actually stolen, subsequently performed his part under the agreement or conspiracy and is therefore guilty either of theft or as an accomplice to the theft, and not of receiving stolen property. We do not take the time to analyze the

evidence, and refrain from expressing an opinion upon the point. We do, however, call attention of the prosecuting officer to the following authorities in order that he may have the benefit thereof in proceeding further with the prosecution in the event it should be thought desirable to do so. Smith v. State, 21 Tex. Cr. App., 107, 17 S. W. Rep., 552; Simpson v. State, 81 Tex. Cr. Rep., 389, 196 S. W. Rep., 835; Burrow v. State, 85 Tex. Crim. Rep., 133, 210 S. W. Rep., 805; Cone v. State, 86 Tex. Cr. Rep., 291, 216 S. W. Rep., 190; Kolb v. State, 88 Tex. Cr. Rep., 593, 228 S. W. Rep., 210; Glasser v. State, 90 Tex. Cr. Rep., 116, 233 S. W. Rep., 969.

For the reason stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*