## A. C. WILLIAMS V. THE STATE.

No. 9943.   Delivered March 10, 1926.

Rehearing denied April 21, 1926.

**1.—Burglary—Accomplice Testimony—Corroboration Of.**

Where, on a trial for burglary, an accomplice gave evidence in detail of the burglary, the conviction did not depend upon the recent possession by appellant of the stolen property, but his possession in law was a corroboration of the accomplice.   Distinguishing Russell v. State, 218 S. W., 1049.

**2.—Same—Conspiracy—Evidence Held Admissible.**

Where several parties are shown to have acted together in the same unlawful enterprise, and shown to be in possession of the fruits of the crime, the acts of each are admissible against either, and there was no error in permitting the accomplice to testify as to what appellant and Skirlock had in car when they returned from the burglarized house.   See Richards v. State, 33 Tex. Crim. Rep. 400 and other cases cited.

**3.—Same—Co-Conspirators—Acts of One—Admissible Against All.**

Where it was shown that the accomplice, the appellant and another acted together in the commission of the burglary, there was no error in permitting the accomplice to testify that when she heard that the premises would be searched she hid some of the property.   They were all co-conspirators in possession of the fruits of the crime, and the act of one in an effort to suppress the evidence of the crime, would be admissible against the others.   See Underhill on Crim. Ev. 3d Ed. Sec. 472.   Following Rucker v. State, 51 Tex. Crim. Rep. 222 and Wilson v. State, 70 Tex. Crim. Rep. 340.

**4.—Same—Evidence—Properly Admitted.**

Where the sheriff had testified that he recovered the stolen property, took it to his office, and that Prichett, the owner, came there and took charge of it, there was no error in permitting Prichett to testify that he identified and took possession of the property at the sheriff's office, and such testimony was not hearsay.

Appeal from the District Court of Jones County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary, pun-

ishment fixed at confinement in the penitentiary for a period of two years.

The evidence shows that the home of J. W. Pritchett was burglarized and certain articles of bedding and tableware taken therefrom. These articles, or some of them, were subsequently recovered.

According to the testimony of Viola May King, an accomplice, the appellant, A. C. Williams and C. A. Skirlock and the witness were traveling together in an automobile. They stopped at a house which circumstantially appears to have been that of Pritchett. There was no one present at the house. At night, after passing the house, Skirlock and the appellant left the camp which was occupied by the three persons mentioned, Skirlock stating in the presence of the appellant that he was going to the house mentioned. They soon returned with bed clothes and other articles which were afterwards identified by Prichett as having come from his house. The articles were recovered some weeks later. The accomplice testified that the articles were carried in their car to various places and used by the appellant.

According to the sheriff who searched the premises and discovered the property, Skirlock, Williams and the State's witness were occupying a three-room house. Skirlock occupied the upper room, Williams and the accomplice occupied one of the lower roms, and the other room was used as a kitchen. Some of the articles were found in the upstairs room and some of it in the bed-room downstairs. Some table-ware which was also taken was discovered on the premises. All of the parties mentioned were present at the time the property was recovered. One of the sheets was found upon the bed which, according to the accomplice, was occupied by Williams and herself.

The facts in Rusell's case, 218 S. W. Rep., 1049, in our opinion, distinguish it from the present. The conviction of Russell depended almost exclusively upon evidence that he possessed the stolen property from the burglarized premises which were occupied by the appellant, his wife and one Yell. From the opinion, we quote:

"The size of the house, the number of rooms that it contained, the location of the property, whether found in a room occupied by appellant, or Yell, or where, are not disclosed, though manifestly the evidence was at hand, and available to the State. Was he in possession of the property? Did he exercise a conscious assertion of property over it? We do not

know.  In the absence of an effort on the part of the State to develop the facts which were manifestly in their possession, and which˙would tend to answer these questions essential to the State's case, the inference or presumption arising from such absence is in consonance with the presumption of innocence with which the law surrounds the accused, and not against it."

Russell presented by cogent evidence the theory of alibi, and the opinion discloses weaknesses in the State's case other than those mentiond in the quotation.  The present case reveals very pertinent testimony from the accomplice going to show that the appellant, after inspecting the burglarized premises and learning that the owner was away from home, left his camp in company with Skirlock, who had declared his· intention to go to the house; that appellant and Skirlock returned with the stolen ·property in their possession; that the three made use of it; that it was in the house occupied by them, a part of it being in the room occupied by appellant and upon the bed upon which he slept.  It is not upon the possesion of the stolen property in the present case that the State .relies for a conviction, but such possesion used to support and corroborate the direct testimony of the State's witness who was an accomplice.  The burglary was proved aliunde her testimony.  If the evidence which she gave was true, the appellant was connected with the burglary as a principal.  The proof of the possession of the stolen property· by the owner and the sheriff tends to connect the appellant with the commission of the offense and is deemed sufficient evidence to corroborate the accomplice.

The accomplice testified that when the parties returned to the camp after they had gone together with the express intention of going to the house which they had previously passed, she was asked what, if anything, they had in the car when they returned.  Objection was urged upon that the ground that if Skirlock had any of the stolen property, that fact would not be admissible against the appellant.  We think this contention is not tenable.  The parties were acting together and were in the same unlawful enterprise.  They were in posession of the fruits of the crime.  Under the circumstances detailed, the act of each was admissible against either.  Richards v. State, 53 Texas Crim. Rep., 400; Hays v. State, 90 Texas Crim. Rep., 192; Underhill's Crim. Ev., 3rd Ed., Sec. 566.

The accomplice testified that when she became aware that the premises would be searched, she hid some of the property.  This bill, we think, shows no error.  The evidence shows that the ˙three were occupying the same premises, had remained

together since the offense was committed, and were using the stolen property in common. They were all co-conspirators, in possession of the fruits of the crime, and the act of one in an effort to suppress the evidence of crime would not be inadmissible against the others. Underhill's Crim. Ev., 3rd Ed., Sec. 472; Rucker v. State, 51 Texas Crim. Rep., 222; Wilson v. State, 70 Texas Crim. Rep., 340.

The receipt of testimony of Prichett that he recovered the stolen property from the sheriff's office was not against the rule excluding hearsay. The sheriff testified that he recovered the property, took it to his office, and that Prichett came there and took charge of it. Prichett testified that he identified it and got it from the sheriff's office.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant relies on Russell v. State, 86 Texas Crim. Rep., 609, 218 S. W., 1049, as authority supporting his renewed contention that the evidence is insufficient to support the conviction. We think there is a clear distinction in the facts of the two cases. In Russell's case the State relied solely upon evidence of possession of recently stolen property and application of the principle of law governing in such cases was called for. In the present case the testimony of the accomplice makes a complete case of guilt, and we think other facts furnish the corroboration requisite.

The motion for rehearing is overruled.

*Overruled.*