## HENRY COLTER v. THE STATE.

### No. 11633.  Delivered May 23, 1928.

The opinion states the case.

*Adams & Adams* of Crockett, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of two years.

After the charge had been read to the jury and the District Attorney had proceeded at some length with his argument, appellant's counsel requested that the court instruct the jury upon the law of circumstantial evidence. In Art. 660, C. C. P., 1925, it is stated:

"After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony."

In view of the statutory law, there is no basis upon which this court may decide that the trial court abused his discretion in the matter of which complaint is made.

The complaint of the paragraph of the court's charge set forth in bill of exception No. 2, in substance, to the effect that if any goods were found near the house of the appellant, or if the jury had a reasonable doubt as to whether they had ever been in his possession, the fact that they were found could not be considered as a circumstance against him, cannot be reviewed for the reason that in approving the bill the court states that no objection was presented. This is made necessary by Art. 660, supra. The court's charge is not

materially different from the appellant's requested charge No. 1. The refusal of special charge No. 1 cannot be reviewed because, as qualified, the bill shows that it was not presented until after the evidence was closed, the charge read to the jury and the argument had begun.

It seems that for the purpose of impeachment, a judgment of conviction of theft upon a plea of guilty, was interposed. Complaint is made of the argument of the District Attorney stating that the appellant was a confessed thief, and making use of that as a basis for a conviction rather than as a basis for impeachment. The bill, as qualified, is to the effect that the expression used was not a confessed thief but that it was argued that the jury should not believe the appellant's testimony because of the evidence mentioned.

The bill complaining of the receipt in evidence of testimony to the effect that certain stolen property was found in a branch near the house of the appellant, we think, does not show error. The objection goes to the weight rather than to the relevancy of the testimony.

The verdict, as it appears in the record, reads thus:

"We, the jury, find the defendant guilty and assess the penalty at two years in the penitentiary.

J. F. SHIVERS, *Foreman*.

P. S.—We do not recommend suspended sentence."

Appellant complains of the refusal of the court to set aside the verdict, charging that it was not signed. In qualifying the bill, the court states that the verdict was signed and that the postscript was an amendment of it. The law directs that the verdict be signed by the foreman. See Art. 687, C. C. P., 1925. An informal verdict may be amended. See Art. 696, C. C. P. There are court decisions making a distinction between the meaning of the word "sign" and the word "subscribe," holding that where the word "sign" is used in a statute, the locality of the signature is unimportant, provided it was intended as a signature. Many decisions of this and other courts exemplify the fact that it is not essential to its validity that the signature be at the end of the document. See Cyc. of Law & Proc., Vol. 36, p. 449; 30 Amer. Law Rep., p. 707, note; Taylor v. State, 16 Tex. Crim. App. 516; Fulshear v. Randon, 18 Tex. Rep. 275. In the case of Wade v. State, 22 Tex. Crim. App. 256, 2 S. W. 594, a distinction seems to have been made with reference to the authentication of a statement of facts, of which the statute says: "The judge shall approve and sign it." Revised Civil Statutes, 1925, Art. 2243. Even with reference to such matter the conclusion men-

tioned seems of questionable soundness. In the present instance, it is thought that the demand that the verdict be signed was met. It may be added, however, that the amendment was unnecessary, as without the postscript, the verdict is sufficient to show the conviction of the accused and the refusal of the suspended sentence. See Bonds v. State, 244 S. W. 382.

The burglary was proved and part of the property stolen was found in the appellant's possession. He claimed to have received it from another person, and presented testimony to the effect that he was not present at the time the burglary was committed and did not take part therein. Positive proof of the burglary, accompanied by proof that the accused was in possession of the property stolen by the burglar, the possession being recent, was sufficient to support the verdict finding the appellant guilty of the offense. See Payne v. State, 21 Tex. Crim. App. 184, and cases collated in Branch's Ann. Tex. P. C., Sec. 2346.

The issues of fact having been settled by the jury under a charge by the court against which no tenable objections are presented, the result is binding on this court.

The judgment is affirmed.

*Affirmed.*