EUSEBIO RUBIO V. THE STATE.

No. 15268.   Delivered May 18, 1932.
Reported in 50 S. W. (2d) 294.

The opinion states the case.

*Robert L. Holliday* and *Henry T. Moore*, both of El Paso, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft, a felony; punishment assessed at confinement in the penitentiary for two years.

On the night of June 30, 1931, an automobile belonging to Eddie Jeffrey was taken from his home and left in a vacant lot some distance from the home of Jeffrey. The two rear wheels with tires on them were removed from the car. On the following day a wheel was exhibited to the witness Jeffrey at the police station, and he declared that it was one of the wheels taken from his car. The value of the automobile was $200. Soon after the theft, the appellant was arrested in room or apartment 29 at 3212 Rivera street. The arrest was made upon a charge of a different felony, the officer at the time having no warrant to arrest the appellant for the theft. According to the officer's testimony, in the room in which the appellant was arrested were three other men and a woman. The officer found eight automobile tires and tubes and one Ford wheel mounted in the rooms in which the four men and the woman were living. The mounted Ford wheel was the one exhibited to Jeffrey at the police station.

From the state's witness Antonio Portillo it was shown that he and

Maria Gonzales lived in one room at the place at which the appellant was arrested; that Guillermo Compos and Eusebio Rubio (the appellant) lived in the other room. Portillo claimed he was present at the time the appellant and all of the parties mentioned were found in the room. Some of the property, including the wheel from Jeffrey's car, was in the room occupied by the witness Portillo and Maria Gonzales. The witness claimed that he, together with the appellant, committed the theft of Jeffrey's automobile and removed the wheels therefrom, and that about a week later the appellant sold one of the wheels and tires and divided the money with Portillo. The name of the person to whom the witness claimed appellant sold the other wheel was not disclosed.

The appellant testified in his own behalf and denied participation in the theft, and explained his presence at the room where the arrest occurred. He said that his home was at 3113 Alameda street and that he had never lived at 3212 Rivera street, where the arrest took place, but had stayed there a short time. He said he had been charged with rape and knew that the officers were looking for him to arrest him upon that charge. He went to the place where he was arrested in order to avoid arrest on the indictment for rape. His cousin had been arrested for the same offense, but had been released because an examination of the girl showed that there had been no rape. The indictment was standing against the appellant and he was unable to give bond. He had been out of the state and did not go to his own residence for fear of arrest for rape. He had been staying at Compos' house, where the arrest took place, for a few days. He paid no rent and had no connection with the property found in the room of the place where the arrest took place. He said that he and Compos were friends and that Portillo and the woman were living in one room while the appellant and Compos were staying in the room rented by the latter. At the time of his arrest, appellant had not been in the room of Portillo and the woman. He knew that there were some tires and wheels in the room in which he lived but knew nothing of them or from whence they came. The tire claimed to have been on Jeffrey's car was in Portillo's room and not in that in which the appellant lived.

The appellant's claim that his codefendant in the rape case had been released was affirmed by the officer who had released him, the release having been made because there was no evidence that the girl had been raped.

It was shown by the agent who collected the rent from the tenants in the building in which the appellant was arrested that the appellant was not a tenant and had never paid rent; but that Compos had rented the place and paid the rent.

The criminative testimony connecting the appellant with the offense is that of the accomplice Portillo, who testified that the car wheel and

tire identified by Jeffrey as being a part of the stolen property were found in the room where the appellant and others were present at the time of his arrest. The state takes the position that the statute (article 718, C. C. P.) forbidding the conviction of one of crime upon the uncorroborated testimony of an accomplice has been met by evidence showing that the appellant was in possession of a part of the stolen property. To connect the appellant with the stolen property, it was essential that it be made clear that the car wheel and tire were in his possession. Compliance with this demand of the law, it is thought, was not made by the testimony introduced upon that subject. Aside from the testimony from the state's witnesses to the effect that the wheel was found in the room occupied by Portillo and the woman and that the appellant was not an occupant of that room, there is the undisputed evidence coming from the state that in the place where the appellant was arrested there were several other persons, some of whom, at least, were witnesses for the state admittedly connected with the theft with which the appellant is charged. It ·seems manifest from the testimony that there was a failure to show that the appellant had exclusive personal possession of the automobile and tire in question. The presumption that it was in his possession or under his control from his presence in the place where it was found would not, under the circumstances found in the record, overcome the presumption of innocence. The law touching inference is to be drawn from the finding of stolen property in a place where others besides the one accused of theft of property are dwelling, in the absence of some circumstance fixing the identity upon the accused as the possessor, is discussed at some length in the case of Russell v. State, 86 Texas Crim. Rep., 609, 218 S. W., 1049, and Russell v. State, 86 Texas Crim. Rep., 580, 218 S. W., 1051. See, also, Allen v. State, 97 Texas Crim. Rep., 467, 262 S. W., 502; Howell v. State, 109 Texas Crim. Rep., 42, 2 S. W. (2d) 861; Williams v. State, 104 Texas Crim. Rep., 55, 282 S. W., 228.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*