A. E. McDonald v. The State.

No. 16500. Delivered February 21, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1054.

562

The opinion states the case.

*Clyde F. Winn, T. L. Holden,* and *Harvey P. Shead,* all of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

D. B. Van Cleave left his home near Gladewater in August, 1932, and went to Wichita Falls, where he remained three months. Upon his return he found that his house had been burglarized. Among the articles missing were a watch, two suits of clothes, a lady's coat and a number of pennies. All of the property was recovered except the lady's coat and a coat belonging to Mr. Van Cleave. The watch had the initials "H. B." in the back of it. Between 12 and 1 o'clock on the night of October 5, 1932, peace officers saw appellant and Ace Houston coming down the street together carrying some clothing. The officers immediately arrested the parties and searched them. They found in the possession of Houston the watch belonging to Mr. Van Cleave, and in appellant's possession, a suit of clothes with Mr. Van Cleave's name on it. Also other clothing belonging to Mr. Van Cleave was found in the possession of appellant. One of the officers testified: "He (appellant) kept trying to tell me too many places where he got the stuff. He told me of several different places, one of which was at a friend's out north of Gladewater, and another—across the river on the Tyler road at a tourist camp." It appears that appellant and Houston were arrested about a mile from the burglarized house. On the morning after the arrest the officers went to Mr. Van

Cleave's home and found fresh tracks near the front door leading around to the screen that had been prized open. On the inside of the house they found some matches. At this juncture we quote from the testimony of one of the officers: "On the inside we found fresh-struck matches. The house had been closed and there was dust on the floor and fresh tracks showing in the dust, and everything turned topsy-turvy."

Appellant testified, in substance, as follows: Prior to his arrest he met Ace Houston, Jack Hayes and another man and went to a new addition about four blocks from town, where they ate sandwiches and shot dice. Jack Hayes owed him three dollars, which he was unable to pay. Hayes told him that he had some suits of clothes which he would like to sell him. Hayes then went around the automobile and came back with the suits. He (appellant) tried one of the suits on. He told Hayes he had four of five dollars in money. Hayes told him that if he would give him the five dollars and cancel the debt he owed him that he could have the clothes. He finally bought the suits. Hayes also sold him a pair of extra trousers. Houston also bought a pair of trousers from Hayes. He (appellant) did not know where Houston got the watch.

We are unable to agree with appellant that the evidence is insufficient.

Appellant filed a first application for a continuance, setting up that several witnesses were absent, who, if present, would give material testimony in his behalf. There was no averment in the application that the witnesses were not absent by the procurement or consent of appellant. This averment is made necessary by the terms of the statute. See article 543, C. C. P., subdivision 4. The application is fatally defective. Woods v. State, 28 S. W. (2d) 554; Green v. State, 32 S. W. (2d) 650.

The remainder of appellant's bills of exception relate to the action of the trial court in permitting the state to prove that some of the stolen property was taken from the possession of Ace Houston. We think this testimony was admissible. Houston and appellant were together and in possession of the stolen property at the time they were arrested. See Williams v. State, 282 S. W., 228; Arlington v. State, 263 S. W., 593; Tullos v. State, 270 S. W., 1021; 7 Tex. Jur., page 854; Ashley v. State, 296 S. W., 892.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The complaint stressed in appellant's motion, of a misstatement in our opinion of the length of time the owner of the alleged burglarized house was absent therefrom, seems immaterial.

Appellant again urges the insufficiency of the testimony. He and Houston were observed by officers on a street in Gladewater, Texas, about 12 o'clock at night acting suspiciously. When they came to where there was a light on the street they crossed over and went around the light. The officers arrested them. Appellant was in possession of some articles of clothing and a number of pennies. On this trial Mr. Van Cleave identified the various articles of clothing found in possession of appellant, and said that a number of pennies were taken from his home on the night of the burglary. Appellant's main contention in his motion seems to be that the proof does not show that the house was recently burglarized, and therefore the property found in his possession was not the fruits of a recent theft. The officer testified that the next morning after finding appellant and his companion in possession of the property referred to, they learned of the burglary, and went to the house of Mr. Van Cleave and examined the house and premises. They testified as follows: "There were tracks around the front door and leading around to the screen on the west side of the house. The screen was torn loose, and the house had been entered on the west side. On the inside we found fresh struck matches. The house had been closed and there was dust on the floor and fresh tracks showing in the dust." Another witness testified that he went to the house on the day following the arrest of appellant and that there was fresh mud or dirt inside and matches were struck all around over the house. Mr. Leak, father-in-law of Mr. Van Cleave, testified that he went to the police station "Soon after his house was burglarized, to examine some articles of clothing that he owned." He said at the police station he saw Van Cleave's watch, a pair of boots, a suit of clothes and other articles. We are not able to agree with the urgent contention made in appellant's motion. We think the testimony as to what appellant's companion had in his possession, which came out of said burglarized house, was admissible in testimony. We think the testimony sufficient to show that the entry into the house was recent, and that appellant's possession of the alleged stolen property was recent, and there are decisions without number in this state holding that one found in possession of recently stolen property, and his possession not satisfactorily explained, may be held guilty of theft. We find no exceptions to the court's

charge. Appellant asked a special charge, in substance, that if the jury believed, or had a reasonable doubt thereof, that appellant purchased the clothing which were exhibited in evidence as having been found in his possession, they should find him not guilty. This presented appellant's affirmative defense.

Not being able to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*