## CHARLEY LONG V. THE STATE.

No. 18373. Delivered May 20, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*J. T. Ranspot* and *J. R. Creighton,* both of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State shows that on the night of the 14th of September, 1935, some person or persons broke into the barn of J. B. Foster, located in Palo Pinto County, and took therefrom three sets of harness, collars, bridles, lines, etc. About three weeks later this harness, together with the collars, bridles, lines, etc., were found in possession of the appellant. J. V. Taylor, an admitted accomplice, testified that on the night in question he and the appellant went in the appellant's car within one hundred and fifty or two hundred yards of said barn where they stopped by the side of the road; that appellant went to the barn, got the harness, bridles, lines, etc.; that two trips were made to the barn while he, Taylor, remained in the car; that when appellant had brought all of the harness to the fence, he, Taylor, assisted appellant in putting the harness in appellant's car. The testimony we think is ample to sustain the conviction.

By bill of exception number one appellant complains of the following argument made by the district attorney to the jury: "The witness J. V. Taylor is just a young boy twenty years of age, and the defendant is a mature man fifty years of age; and he should have put his arms around J. V. Taylor and given him advice instead of advising him to commit theft and leading and encouraging him to commit theft." The appellant's objection to the argument was that it was inflammatory, prejudicial, and not based on any testimony. The testimony in the record shows that the witness J. V. Taylor was a boy twenty years of age; that appellant was a married man and did urge and aid in the commission of the offense. Therefore, the argument was a reasonable deduction from the testimony.

By bill of exception number two appellant also complains of similar argument as contained in bill of exception number one. We think that the argument was also justified by the testimony.

Bill of exception number three relates to the action of the trial court in overruling his motion for a new trial which is

based entirely upon the grounds contained in the bills of exception. Hence the bill does not present anything for review.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing, and supports same by citation of a number of authorities, each of which has been examined by us, without changing our view of the proper disposition of the case. The owner of the alleged burglarized barn testified that same was burglariously entered at or about the time alleged in the indictment. An accomplice testified that he went with appellant down to a point near said burglarized barn at or about said time, and that appellant left him and came back presently with harness, which they carried away and to appellant's house. This harness was shortly thereafter found at appellant's home and identified. The question is not whether the possession of the stolen property will alone be sufficient to justify the conviction, but whether such possession would sufficiently corroborate the accomplice, whose testimony, if corroborated, would make out a case. In the case of Russell v. State, 218 S. W., 1049, cited by appellant, the only question, as stated in our opinion, was whether the possession of the recently stolen property was sufficiently shown to be in appellant to justify the inference of guilt, which arises from the finding of one in possession of recently stolen property. We held that the personal possession of the property was not shown to be in the accused, and that hence the fact of possession was not sufficiently made out to support the conclusion of guilt. In the case of Rubio v. State, 50 S. W. (2d) 294, also cited by appellant, we held that the facts did not show with sufficient cogency that the accused was in possession of the property, it being shown that there were a number of other people occupying the same house and room where part of the alleged stolen property was found. Also in the case of Hamilton v. State, 55 S. W. (2d) 820, where the evidence showed that in a car controlled by one Matthews certain cigars and candy were found, which the State claimed had been taken from the burg-

larized premises, this claim being supported by the testimony of an accomplice. Appellant was not in the car or present at the time the cigars and candy were found, and this court properly held that there was no corroboration of the accomplice.

Looking to the facts of the case before us, we observe that appellant lived in the country and at his home, and in his barn was found the harness of the alleged owner. We do not find any testimony supporting the proposition that anyone else lived at appellant's home besides himself, nor is there anything in evidence to cast doubt upon the personal possession of the alleged stolen property by appellant, save the fact that he was not there at the time his house was visited by the officers and the owner of the property.

Believing the case properly disposed of in our original opinion, the motion for rehearing is overruled.

*Overruled.*