## ALTON FIELDS V. THE STATE.

No. 18508. Delivered November 12, 1936.

The opinion states the case.

*A. P. Caywood,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's only contention is that the evidence is insufficient to justify and support his conviction, and this rests upon the alleged failure to corroborate the accomplice witnesses, Jimmie Echols and Tobe Pierce. The testimony in the record shows that the Porterfield Candy Company's place of business, located in Sherman, Texas, was forcibly entered on the night of January 23, 1936, and three sacks of sugar, a quantity of cigars and chewing gum taken therefrom. Part of the sugar was recovered in the State of Oklahoma; part of the chewing gum and cigars were discovered under a building at a lumber yard in the town of Sherman; and a part of the chewing gum and cigars were recovered at Denison.

Jimmie Echols testified that he and appellant entered the Porterfield Candy Company's place of business at about ten p. m. and took therefrom three sacks of sugar, and a quantity of cigars and chewing gum; that they carried it out on the Denison road near a white post and left it; that sometime later during the night, they went back there, picked it up and carried it to Denison and Oklahoma.

Tobe Pierce testified that he and Echols drove out on the Denison road, picked up the stolen property and started with it for Oklahoma; that they disposed of some of the cigars and chewing gum at Denison, and disposed of the sugar in Oklahoma by trading it for whisky.

Appellant, Echols, and Pierce all lived at Sherman, Texas, where they were seen in company of each other the next day and for several days thereafter. No witness, however, testified that they saw appellant with either Echols or Pierce at the burglarized house. Neither was the appellant seen with Echols or Pierce, or either of them on the road, or at Denison, or in Oklahoma; nor that he, appellant, disposed of any of the stolen property; neither was he found in possession of any of it.

Our statutes will not permit a conviction of one accused of crime upon the uncorroborated testimony of an accomplice or accomplices. Therefore, the State was required to corroborate the accomplice witnesses upon material facts which tended to connect the accused with the commission of the offense. In determining the sufficiency of the corroborating testimony we usually eliminate the testimony of the accomplice from consideration and look to the other testimony of the case to ascer-

tain if it tends to connect the accused with the commission of the offense. If so, the corroboration is sufficient; if otherwise, it is not. Applying the foregoing rule to the testimony disclosed by this record, we do not believe that the facts of this case meet the requirements of the law. That appellant, Echols, Pierce, and Board were seen together on the streets of Sherman between six and seven o'clock prior to the alleged burglary, and that appellant and Echols went to the home of Echols' father and talked to some person over the telephone, who they took to be Pierce's wife, and that they were seen together the next day, does not tend to connect appellant with the commission of the offense. In support of what we have said here we refer to the cases of Walker v. State, 252 S. W., 552, and Robertson v. State, 44 S. W. (2d) 688.

Having reached the conclusion that the accomplices' testimony has not been sufficiently corroborated on the material and incriminating facts, it is, therefore, ordered that the judgment of the trial court be, and the same is, reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.