## MILLER v. STATE.
### No. 19367.

Court of Criminal Appeals of Texas.
Feb. 9, 1938.

534

McCartney, McCartney & Johnson, of Brownwood, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of theft of property over the value of .$50, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is insufficient to warrant and sustain his conviction.

It appears from the record that the two accomplices testified in behalf of the State to the effect that on the night of April 14, they met appellant at the Sun Beam Creamery. While there, they agreed to go with him to the Sullivan Machine Shop and assist him in stealing a chain hoist, for which services he agreed to pay them $5. They proceeded to the machine shop, located just across the railroad tracks, in the town of Brownwood, took the chain hoist and carried it to a point close to the roundhouse of .the G. C. & S. F. R. R., where some one flashed a light on them. They dropped the hoist and ran away. The parties who had heard the chain rattle and flashed the light saw three men run from the place where the hoist was later discovered. They were unable, however, to identify any of the fleeing parties, and could not say whether they were whites or negroes.

Our statutes will not permit a conviction of one accused of a crime upon the uncorroborated testimony of an accomplice or accomplices. Therefore, the State was required to corroborate the accomplice witnesses upon material facts which tended to connect the accused with the commission of the offense. In determining the sufficiency of the corroborating testimony, we usually eliminate the testimony of the accomplice from consideration and look to' the other testimony of the case to ascertain if it tends to connect the accused with the commission of the offense. If so, the corroboration ·is sufficient; otherwise, it is not. Applying the foregoing rule to the testimony disclosed by this record, we do not believe that the facts of the case meet the requirements of the law. In support of our holding, we cite the cases of Fields v. State, 131 Tex.Cr.R. 281, 98 S.W.2d 209; Dean v. State, 131 Tex.Cr.R. 149, 97 S.W. 2d 472; Randall v. State, Tex.Cr.App., 103 S.W.2d 743.

For the reason of the insufficiency of the evidence to sustain appellant's conviction, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.