### A. J. Winn v, The State.

No. 4720.   Decided November 28, 1917.

**1.—Burglary—Circumstantial Evidence—Confession.**

Where, upon trial of burglary, the alleged confessions of the defendant failed to show that he broke and entered the house alleged to have been burglarized the court should have submitted a charge on circumstantial evidence. Following Beason v. State, 43 Texas Crim. Rep., 442.

**2.—Same—Rule Stated—Confessions—Circumstantial Evidence.**

The factum probandum of burglary, the main fact to be proved, is the breaking and entering, and if there is no direct evidence of the main fact, a charge on circumstantial evidence is demanded.

**3.—Same—Bill of Exception—Statement of Facts—Practice on Appeal.**

Where the record was without a statement of facts, but embraced a bill of exceptions which brought the question in review, the matter will be considered on appeal.

**4.—Same—Presumption of Innocence—Reasonable Doubt—Rule Stated.**

Wherever there is a doubt arising from the facts, the issues of the law must be favorably presented by the court for the consideration of the jury with reference to the fact, and the presumpt:on of innocence and reasonable doubt obtain, and where the issue of circumstantial evidence arises, the court must charge thereon.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lee R. Stroud,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The record is without a statement of the facts. There is a bill of exceptions in the record which is so presented that we are of opinion it should be considered, though a statement of facts is not before the court. This bill is lengthy and recites that the court failed to submit the law applicable to a case of circumstantial evidence, and that appellant did not prepare nor request a special charge submitting this phase of the law, but excepted to the court's charge because it did not so charge. The bill also recites that on account of the confession of the defendant the trial court was of the opinion the law of circumstantial evidence was not applicable and should not be given. It is stated as a matter of fact, approved by the judge, that independent of the confession and but for the confession it was a case resting alone upon circumstantial evidence. The facts as recited by the bill are that the owner of the shop or store, whose name is Gillis, had testified that he had possession of this house as a clothes cleaning establishment and store, and that he gave appellant no permission to enter it; that on the close of the evening approaching the night of the date of the offense charged he locked the door of his shop or store and went home for the night. When he returned the next morning at the usual hour the shop or the store had been unlocked, and after entering the same the owner discovered that certain clothes were missing from the shop and had been taken by someone. This was without his consent, and among other circumstances tending to show defendant's guilt, there being no eyewitness to the breaking of the house or taking of the clothes, the

State, through the witness Amie Godfrey, undertook to prove and did prove certain confessions of appellant by questions and answers, which are copied in the bill of exceptions. This brought in review a conversation between appellant and the witness two or three days before the alleged burglary of Gillis' shop. In this conversation Godfrey states that appellant asked him if he did not want to make some money. Godfrey asked him how this was to be done and was informed that they would get some clothes. Witness asked him where, and he said here in Forney, and witness asked him how would they get them, and appellant said they would steal them, and witness told him no, he did not want to help him. A day or two prior to this conversation witness says he had a short conversation with appellant, who came to him with a pair of pants and requested witness to let him leave the pants in his shoe shop. He asked appellant where he got them and was informed that he got them up at Daves' shop. The pants were stolen a day or two before that. Witness refused to let appellant leave the pants in his shoe shop for fear they would come over and search his house, and if they found the pants they would swear he was the party who committed the theft. These pants were brown. This occurred before the alleged burglary. Subsequent to this burglary appellant again approached the witness, both of them being at that time in Dallas. He repeats the conversation in Dallas about as follows: "He came to me and asked me did I want to help him sell the clothes. I asked him where is they at? He says, 'Over here.' I says, 'Where did you get them?' He says, 'I got them in Forney. Don't you know whose clothes I was talking to you about?' I says, 'Yes.' He says, 'Well, they are here; don't you want to help me go and sell them?' I said, 'No, I had rather help steal them than to help sell them.' Q. Did he tell you where in Forney he got them? A. He didn't say after we were in Dallas where he got them, but he told me in Forney he was going to get them out of Daves' shop. That is where he said they were located at. Q. Did he or did he not tell you that he got them at the same place he got the brown pants? A. Yes, sir; he did." Here there was some objection and a colloquy ensued, and finally the court remarked: "Let the witness state just what the defendant told him before the burglary about where he was going to get the clothes." The witness answered: "He came to me, it was two or three days before the burglary, with a pair of pants—he asked me to let him have—the court: Leave off about those pants. I understood you to say something about some other clothes some time before the burglary. A. No, sir; nothing but the pants. He came to me and asked me did I want to make some money. I asked him how. He says, 'We will get some clothes.' I says, 'Where?' He says, 'Here in Forney.' I says, 'Where are you going to get them from?' He says, 'The same place that I got the pants from,' and he told me that he got the pants from Dave Gillis' shop. The court: That makes it admissible." The witness further stated after the burglary he had a conversation on Sunday even-

ing with appellant with reference to the clothes. Witness says: "He asked me did I still want to help him make way with them; he said he had done got them; got them at the same place he got the pants." Witness further testified he had another conversation with appellant in Dallas the following week about the clothes, and that appellant asked him if he did not want to help him sell them, and witness told him no. On cross-examination witness denied being related to appellant, but had known him a couple of years. He says they were never in business together, but would speak and go together; that they were not particular friends; just acquainted with each other; just had a speaking acquaintance. Witness says he is twenty-one years of age, and that appellant first came and told him he had stolen a pair of pants. "Q. Had broken into a house and got them? A. Yes, sir. Q. Made very free to tell you that? A. Yes, sir; nobody was present when he told me that; can't remember exactly the day; it was in the shoe shop. Q. He told you where he had broken in and got the pants? A. Yes, sir; he didn't say he broke in, he said he got them there. Q. And then you refused to become a criminal with him? A. I refused to hide the pants there in my shop. I refused to go with him to get the clothes; that was after I refused to let him hide the pants there. Yes, he kept on after me. Didn't tell me exactly all. He just told me about the clothes; then afterwards told me he had got them; then afterwards tried to get me to help him sell the clothes in Dallas."

The general rule is that where confessions are introduced it may relieve the case of being one of circumstantial evidence, but this is not always true. The confession must be of such a nature that it directly connects the accused with the offense and for which he is being tried. Confessions of incidental matters from which the main fact is to be deduced do not relieve the case of being one of circumstantial evidence. These cases are found collated in Mr. Branch's Ann. P. C., at page 1294. There are quite a number of those cases. Mr. Branch states these rules very clearly and accurately. With reference to burglary, he sums up the proposition as follows: "The factum probandum of burglary, the main fact to be proved, is the breaking and entry, and if there is no direct evidence of the main fact a charge on circumstantial evidence is demanded. If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence," and cites a great number of cases. Again, "In a burglary case if the main fact, the breaking and entry by defendant, is only to be inferred from the fact of subsequent possession of property recently stolen, it is a case of circumstantial evidence. Possession of property recently stolen is but a circumstance," citing in support of that proposition quite a number of cases. He also states another rule: "Proof that the accused plead guilty to theft of the same property involved in the burglary case does not relieve the court from charging on circumstantial evidence in the burglary case," citing

Beason v. State, 63 S. W. Rep., 633, and Beason v. State, 43 Texas
Crim. Rep., 442. Again he states: "If it is only by a process of
inference from the confession or admission of defendant that it can be
determined that he was the party who made the burglarious entry or
participated therein, the court in a case of burglary should charge the
jury on circumstantial evidence." Another rule also well understood
and correctly stated by Mr. Branch is: "If a confession of defendant
that he committed the burglary is in evidence a charge on circum-
stantial evidence is not demanded. A confession of the breaking and
entry is direct evidence of the main inculpatory fact." In support of
this proposition quite a number of cases are cited.

We are of opinion that these rules stated by Mr. Branch are correctly
and forcefully stated, and supported by the authorities. If in appel-
lant's confession he had directly stated that he broke and entered the
house, the trial court would have been correct in refusing to charge
upon circumstantial evidence, but as we understand this bill of excep-
tions such confession was not made. Summed up, this bill shows that
a few days before the burglary appellant went to the witness Godfrey,
who owned a shoe shop, and asked permission to leave a pair of pants
in his, Godfrey's, house or shoe shop, coupled with fear of detection.
This was declined by Godfrey on the ground that the pants were stolen.
Godfrey also stated further that appellant requested him to enter into
an agreement with him to steal clothing, which was declined by God-
frey. This clothing was to be stolen in the town of Forney. Some
days later appellant and Godfrey were in Dallas together when appel-
lant requested Godfrey to help him dispose of some goods that appel-
lant admitted to him or informed him he had stolen, and had gotten
same from the place where he had gotten the pair of pants previously
mentioned. This Godfrey declined. When the matter was brought
pointedly to the issue in his confession as to whether he broke Gillis'
store to get the goods, the witness states that appellant did not inform
him that he broke the store, but says he got the clothes. From this
statement of Godfrey as to appellant's confession we have no positive
declaration that he broke Gillis' store. It is a matter of inference
from the statement in the confession that he had gotten Gillis' goods
and had them and wished Godfrey to assist him in disposing of them.
From these statements the inference was to be drawn that appellant was
connected with the breaking. It is not a direct or positive fact, but by
reason of the fact that appellant had the goods and said he got them
from Gillis' store, the inference is to be deduced that he broke and
entered the store. While this is a close question, yet the breaking of
the store by appellant is a matter of inference and not a positive fact,
and under the cases cited by Mr. Branch we are of opinion this is a
case of circumstantial evidence which demanded a charge submitting
that phase of the law. The Beason case, supra, seems to be almost
directly, if not exactly, in point. The court in the bill of exceptions

signs the statement that independent of these conversations between Godfrey and appellant, this is a case purely of circumstantial evidence, and if it is relieved of that attitude, then it is by reason of appellant's statement to the witness Godfrey. We think the bill is sufficient to bring the question in review, and also that the recitals in the bill show that it was a case of circumstantial evidence. The rule is general that all issues of law must be submitted favorably to the appellant. The presumption of innocence and the reasonable doubt obtain, and where there is a doubt of the facts, there is also a doubt of the law. In other words, wherever there is a doubt arising from the facts, the issues of the law must be favorably presented by the court for the consideration of the jury with reference to the facts. This is the well settled law, and under our jurisprudence could not be otherwise. The humane rule laid down by the Legislature, fundamental in our jurisprudence, is that the accused is presumed innocent and the State must overcome this beyond a reasonable doubt. Not only the facts must overcome these presumptions, but the law must be submitted applicable thereto in order that the jury may correctly decide such issues. Exceptions should, of course, be duly saved in order to present errors pertaining to charges.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*