## L. B. HOWELL V. THE STATE.

No. 11021.   Delivered October 5, 1927.

Rehearing granted February 15, 1928.

### 1.—Burglary—Evidence—Hearsay—Properly Excluded.

Where a husband and wife were both indicted, charged with burglary, there was no error on the trial of the husband in rejecting the hearsay declaration of the wife explaining her possession of the stolen property, and for the further reason that co-defendants charged with the same offense are not a competent witness for each other.  See Art. 711, C. C. P.

### 2.—Same—Continued.

The rule permitting proof of a declaration explaining the possession of stolen property relates to an explanation made when the right is first challenged, and declarations made to third parties when the right of possession has not been challenged, are hearsay, and inadmissible.  See Cleveland v. State, 57 Tex. Crim. Rep. 356, and other cases cited in original opinion.

### 3.—Same—Value of Property in Burglary—Not Material.

The value of the property stolen in a burglary is not material on the trial for the offense of burglary, but where its value is proven, we fail to perceive in what respect it could have injured the accused.

### 4.—Same—Charge of Court—On Circumstantial Evidence—Not Necessary.

Where, on a trial for burglary, the state having introduced the statement of his guilt of taking some of the stolen property made by the defendant, a charge on circumstantial evidence was not necessary, as the case was not one depending upon circumstantial evidence alone.

#### ON REHEARING.

### 5.—Same—Charge of Court—On Circumstantial Evidence—Erroneously Omitted.

While it is the rule that when the confession of the accused admitting his guilt is in evidence it removes the case from one depending upon circumstantial evidence alone, upon reconsideration we do not believe that the statement of the accused in this case sufficiently identified the transaction on the issue of the burglary, nor that his statement was of sufficient probative force, and we therefore concede that our original opinion holding that a charge on circumstantial evidence was not necessary was incorrect.

### 6.—Same—Recent Possession of Stolen Property—Must Be Exclusive.

In order to make the possession of the recently stolen property on a trial for burglary, prima facie evidence of guilt, such possession must be shown to have been personal or exclusive in the accused, and where this character of possession is not established, the finding of such property as a guilty circumstance is very questionable.  See Russell v. State, 218 S. W. 1049, and other cases cited in opinion on rehearing.

### 7.—Same—Evidence—Juxtaposition of Theft and Burglary—Rule Stated.

To constitute an admission of the theft of property sufficient to establish the fact of burglary, there must appear such juxtaposition that the confession of the one would be an admission of the other, in the absence

of such juxtaposition the admission of the theft is sometimes no more than a circumstance to be considered by the jury in determining the question of guilt of the burglary, and under such state of facts the case is not relieved of being one on circumstantial evidence. For what we now believe to be the error of the court in this regard the affirmance is set aside and the judgment reversed, and the cause remanded.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Harry Myers* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

J. F. Garrison owned a camp house on the shore of Lake Worth. It was kept closed and locked, but was used by Garrison for week-end vacations. While it was owned and possessed by him it was entered by force by someone in November. A number of articles were stolen. Part of the property, namely, the rug and floor pillows, were obtained from the abode of the appellant and were produced in court and identified by Garrison.

Appellant testified in his own behalf and disclaimed any connection with the burglary. He testified and introduced other testimony upon the subject of alibi. He denied that he had ever told Mrs. Massey that he had stolen the blanket.

There are three bills of exceptions. From the first bill it appears that on his direct examination the appellant testified that the blanket and pillow were first seen by him at his mother's house on the bed upon which he slept, he and his wife at that time residing with his mother. Appellant sought to testify that upon observing the blanket and pillow he asked his wife about them and that she told him "that she got them from a man and that she came into possession of them by lawful means." According to the state's testimony, the blanket and pillow were, at the request of Mrs. Hattie Massey (mother of the appellant's wife), moved from the home of the appellant's mother to that of the witness. Prior to the date of the removal mentioned, appellant and his wife had been living at

the home of the appellant's mother. The witness testified that on the night after the articles were brought to her house, appellant told her that he got the blanket mentioned for his wife. Nadene Massey, the young sister of the appellant's wife, testified that she heard a conversation between her mother, the appellant and his wife, in which the appellant said: "How do you like the blanket I got for Thelma?" Her mother replied: "It is all right. Where did you get it?" Appellant said: "I stole it out of a camp at Lake Worth."

It is to be observed that the state does not rely upon the circumstance of recent possession of stolen property alone, nor is the proffered testimony a declaration explaining the possession of recently stolen property made at the time the right to the possession was challenged. The proffered testimony seems more properly classified as an effort upon the part of the appellant to prove a hearsay declaration of the wife explanatory of her possession of the property. The rule permitting proof of a declaration of the possession of stolen property relates to an explanation made when the right is first challenged. Cleveland v. State, 57 Tex. Crim. Rep. 356; and other authorities in Branch's Ann. Tex. P. C., Sec. 2465, Subd. 13; also Cameron v. State, 44 Tex. Rep. 652, and cases cited in Branch's Ann. Tex. P. C., Sec. 2464, Subd. 5. That the offered testimony was a declaration of the wife coincident with the appellant's first knowledge of her possession of the property rests upon his testimony alone. If, in fact, he had no previous knowledge of the burglary, he was not guilty of the offense, and the fact that his wife may have made an explanation of her possession of it would have added nothing to his defense. It is believed, however, that the alleged declaration was properly excluded under the rule against hearsay.

It appears from bill No. 2 that the appellant's wife was charged with burglary in connection with the same transaction as that upon which her husband was convicted. Upon her trial there was a verdict of guilty and the sentence suspended upon the recommendation of the jury. By Art. 711, C. C. P., 1925, co-indictees of the same offense are not available to each other as witnesses unless the prosecution against one of them is terminated by acquittal or dismissal. Until the prosecution is dismissed, one under a suspended sentence is not a competent witness for his co-indictees. See Majors v. State, 273 S. W. 267; Watts v. State, 75 Tex. Crim. Rep. 330; Sunday v. State, 77 Tex. Crim. Rep. 26.

It appears from bill No. 3 that the state, over the objection of the appellant, proved the value of the stolen property to have been seventy-five dollars. This being a case of burglary in which the value of the stolen articles was not material, the proof mentioned was unnecessary, but we fail to perceive in what respect it could have injured the accused.

We do not concur in the appellant's view that it was incumbent upon the court to instruct the jury upon the law of circumstantial evidence. It is believed that the confessions of the appellant which were proved were sufficient to classify the case as one not depending upon circumstantial evidence alone.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—A vigorous assault is made upon our holding it not error to refuse to charge on circumstantial evidence. The complaint was brought forward in bill of exceptions No. 4. Upon more careful examination and reflection we have concluded that we were in error in this particular.

The offense charged was burglary. We based our holding that this was not a case of circumstantial evidence upon the proposition that that the state did not rely alone upon the circumstance of recent possession of stolen property, but that the confessions of appellant were in evidence and, therefore, the case was not one wholly dependent upon circumstantial evidence. The state relied upon the finding in the possession of the appellant's wife some weeks after the alleged burglary, of a Navajo blanket and pillow which were identified by the owner of the alleged burglarized premises as being his property, and as having disappeared from the burglarized camp house at or about that time. This property was found in the home of appellant's mother-in-law, which was apparently occupied by appellant's wife, her mother, and a sister and brother of appellant's wife. It is not quite clear that appellant was staying at said place at the time the alleged stolen property was found there. Inasmuch as nothing shows that said blanket and pillow were found in any such possession of appellant as would appear personal or exclusive in him, the weight of its finding as a guilty circumstance against appellant is very questionable. Russell v. State, 218 S. W. 1049.

The confessions referred to appear to be found in the testimony of appellant's mother-in-law, Mrs. Massey, and her daughter, Nadene Massey. Nadene's testimony is set out in the original opinion. She says she heard a conversation between

her mother and appellant in which appellant said, "How do you like the blanket I got for Thelma?", to which the mother replied, "It is all right. Where did you get it?" and that appellant said, "I stole it out of a camp at Lake Worth." The testimony of Mrs. Massey as to what appellant said, apparently on the same occasion, is as follows: She says appellant said to her, "How do you like Thelma's blanket; did you see Thelma's blanket?", to which witness replied, "Yes." Appellant then said: "How do you like it?" and witness said, "It is all right," and appellant replied, "I got that for her." She avers that is all she heard. Giving to this alleged confession its strongest probative force, same falls short of any confession on the part of appellant of a burglary. Winn v. State, 198 S. W. 965; Beason v. State, 63 S. W. 633; Beason v. State, 67 S. W. 96; Cabrera v. State, 118 S. W. 1064 (citation and discussion of authorities collated in dissenting opinion by Ramsey, J.) ; Davis v. State, 295 S. W. 608. Practically the exact point was decided in some of the cases cited.

The owner of the alleged burglarized premises testified that he had a camp house on Lake Worth and that he did not visit same for about three weeks during November, 1926. During the time of his absence the house was broken and entered and a large quantity of personal property taken. None of it was traced to appellant in any way save the blanket and pillow above mentioned. It is clear that after the screens were torn from the house and same was broken and entered at the time of the burglary, same was open to the entrance of any other person who may have desired to commit theft or any other depredation, such theft not being burglary. That appellant may have committed theft by entering the house after it was burglarized, and taking therefrom only the blanket and pillow in question, would be easily possible. This is said in order that it may be apparent that his confession of the theft would be tantamount to a confession of the burglary, in a case whose facts were as those before us. There might be cases where the burglary and theft were so closely related and in such juxtaposition that the confession of the one would be substantially an admission of the other, but it is plain, as is discussed in the cases above cited, that the confession of the theft is sometimes no more than a circumstance to be considered by the jury in determining the question of guilt of the burglary. We have no doubt of the fact that the court below was in error in assuming that the confession of theft of the blanket and pillow relieved this case of being one on circumstantial evidence.

Appellant excepted to the failure of the court to so charge, and asked a special charge on that phase of the case. For what we now believe to be the error of the court in this regard, the motion for rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*