### NAPOLEON TAYLOR V. THE STATE.

No. 11106.   Delivered November 2, 1927.

Rehearing denied February 15, 1928.

1.—Manufacturing Intoxicaing Liquor—Bills of Exception—Insufficient— Present No Errors.

Appellant presents in this record six bills of exception which are all insufficient to present errors in that they fail to show that the objections

presented on the trial were founded on facts. Hardly a week passes that this court does not call the attention of attorneys to the rule that bills of exception containing objections made to certain proceedings which wholly fails to show that they are founded on facts, are not sufficient. The bills must go further and aver that those facts embraced within or related to the objections raised, are facts. A bill of exception to be considered on appeal must be complete within itself without reference to anything else.

### ON REHEARING.

**2.—Same—Evidence—Not Hearsay—Properly Admitted.**

Where appellant was found in possession of a still, actually engaged in making whiskey, there was no error, nor was it hearsay to permit the sheriff to testify that on previous occasions the sheriff had visited that particular still, and to state the result of his observations on the occasion of such prior visits.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAlister* of Nacogdoches, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor, punishment one year in the penitentiary.

Appellant and one Watts were indicted and tried jointly, Watts being acquitted and appellant convicted for the offense mentioned. Officers testified that at a certain point in Nacogdoches County they discovered material and paraphernalia usable in manufacturing liquor. They secreted themselves and after a time appellant and Watts came to the place. According to the testimony, appellant put the coil into the cooling barrel, chopped some wood and built a fire under the boiler. The officers watched until they saw steam arising, and when they disclosed their presence they said there were five full barrels of mash, a fifty-gallon steel barrel, an equipped still with a coil running into the barrel, and whiskey beginning to drip from the coil. They did not see Watts take any part in the process of manufacture.

Apparently appellant defended on the theory that he was making whiskey for medicinal purposes. He said his mother used it when she could get it, and that he attempted to furnish same to her and kept her supplied when he could get it. He said when he could not get it his mother would be ill and mad,

and suffering and groaning. Appellant testified that he helped put up the mash, etc., found by the officers, and that he had an interest in it, and was to get one barrel of the six. He said he tried to make whiskey the evening before the officers arrested him but did not know how to run it; he said the next morning he took Watts down there to show him how to operate it; that Watts told him he knew how to run it. Appellant claimed the still, mash, etc., belonged to a white man named Wise, who bought the sugar, prepared the mash, etc., and was to give appellant all the whiskey that one barrel of mash would make. Appellant testified "I made that whiskey for my mother's benefit, or attempted to make it for her."

Appellant brings forward six bills of exception, each of which is subject to the general objection that same presents only the objections made by the appellant to certain proceedings in the case and then wholly fails to show that such objections are founded on facts, or that such objections are in fact true. To illustrate, appellant objected to witness Butler testifying that he saw six barrels of mash "down there ten days before and a steel barrel—the one used then and an old one that was worn out—used until it had rusted out. I went back there, I think it was two or three days after, about two days and found six empty barrels." Appellant objected to this evidence on the ground that it was hearsay and because there were no facts warranting the conclusion that appellant knew anything about such conditions—that it occurred ten days before the arrest of this defendant, and before he had been connected with the still—and because it was not shown to have been the same mash, and because defendant was not present, and for the further reason that the evidence was based on mere suspicion and was prejudicial and inflammatory. After reciting these objections it is stated, "To the court's action in overruling such objections defendant excepted." It has long been an established rule of this court that bills of exception must manifest that the complaints are well founded, and the matters set up as objections are true. To require this court to search through a lengthy statement of facts or through a lengthy transcript to ascertain whether the matters set up as objections are true or not, would interminably lengthen the work of this court, and hence the necessity for requiring a bill of exceptions to itself present facts discharging the burden placed upon the objector, to show his objection well founded. We might observe that in our opinion it would be permissible for the state to prove facts tending to show a continuous and extended manufacture of liquor at the place where appellant was found engaged in its manufacture;

to which he had come and apparently taken charge of the material and equipment found and began the manufacture in the presence and view of the officers, and in a case in which he claimed that he did not know how to manufacture liquor, and had not made any before. The state might legitimately introduce any testimony tending to rebut and overcome the defense interposed. We see no reason why appellant might not be asked while on the witness stand who he claimed as being the owner of the outfit; nor to prove by another witness as to how much whiskey a barrel of mash would make. Certainly appellant having taken the stand as a witness, his general reputation for truth and veracity in the community became an issue, and the state might prove such reputation bad if it could.

We have considered carefully each complaint appearing in the record, and not believing any of them to have support, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant is especially insistent that the bill of exception complaining of Sheriff Vaught's testimony should be considered. The bill shows that state's counsel asked the witness the following question:

"Did you go to this particular place about ten days before the time of the defendant's arrest or at any other time with Carl Butler, and if so what did you find?" to which the witness answered:

"We found six barrels of mash, two stills, one complete equipment, a new fifty-gallon tank or barrel or steel drum, and one just below it that had been set up and had a hole eaten in it by rust. I went back about two days later and found six empty barrels; the mash found when defendant was arrested was not the same we found down there ten days before his arrest. I went back the third time and found six barrels of fresh mash, but I was not there at the time of the arrest of the defendant."

Among other objections urged was that such evidence was "hearsay." In his motion for rehearing appellant insists that the answer of the witness having disclosed that he was not present at the time of appellant's arrest it necessarily follows that his testimony as to what he had previously seen at the place of the arrest was hearsay. We are not in accord with appellant's view of the matter. Evidence of other witnesses shows that appellant was arrested at a still then being operated by him, and that on previous occasions the sheriff had visited that particular place. This being true we do not understand it

would offend against the rule excluding hearsay evidence to permit the sheriff to state the result of his observations on the occasion of prior visits if such evidence was otherwise admissible. Under the facts of the present case we entertain no doubt as to its admissibility.

The motion for rehearing is overruled.

*Overruled.*