JOE CHISUM v. THE STATE.

No. 15061.  Delivered February 24, 1932.
State's Rehearing Denied May 4, 1932.
Application to File Second Motion for Rehearing Denied June 15, 1932.
Reported in 50 S. W. (2d) 321.

The opinion states the case.

*Ditzler H. Jones,* of Uvalde, for appellant.

*K. K. Woodley,* of Sabinal, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The facts show that from the house of Mr. Smart there was taken some property, much of which was found later in appellant's possession. Some of the property seems not to have been recovered at all. Appellant admitted that he entered said house and took therefrom the property of Mr. Smart which was found in appellant's possession, but claimed that his purpose in taking same was merely to use it for a while and return it; he also stated that he thought same belonged to hunters who had occupied said house. He also claimed that the door of the house was open when he entered. Both these defensive issues were submitted in the charge of the court, and, as fact issues, appear to have been settled by the jury adversely to appellant We find in the record no bills of exception.

In his motion for new trial and brief appellant complains that his special charge No. 1, asking a peremptory instruction, was refused. We find no such charge in the record. The sufficiency of the facts to sustain the conviction will be discussed no further than to observe that the testimony upon the issue as to whether the house in question was entered and burglarized in the nighttime, if at all, was not such as to establish the fact that the burglary was by a nighttime entry. No one testified to an entry at night of said building save appellant, and his testimony on the point is not at all conclusive. If appellant should be tried again upon this indictment, and the evidence go only to raise the issue of whether the burglary

was at night or not, we suggest that same should be submitted to the jury, at least if appellant so request.

The charge of the court did not submit the case upon the law of circumstantial evidence, and an exception was duly reserved to the failure to instruct the jury in that regard. The owner of the house testified that he left it closed, being fastened with a wire which went over a nail and looped over a lock. He was gone about a week, and when he returned said he found the house in the same apparent condition, but upon examination found that the same had been entered and the property taken. Other witnesses who saw the house during the week of its owner's absence testified that the house was open when they saw it. Ordinarily the confession of one accused of crime is enough to take the case out of the domain of circumstantial evidence, but this is only true when the confession embraces and admits the factum probandum of the particular case,—the breaking as well as the entry in a case like this. While appellant admitted going in the house, he said the door was open at the time he entered. This was not a confession as to the breaking, or the use of force to obtain an entry, and, therefore, the case was not relieved by the confession from being one on circumstantial evidence. It is much like the case of Howell v. State, 109 Texas Crim. Rep., 45, 2 S. W. (2d) 861, which cites other authorities deemed applicable. The Howell case was reversed for the refusal of the court to charge on circumstantial evidence. Its facts are very much like those here, the owner of the house in that case having closed it and left it for three weeks, and upon his return found it had been opened and property taken. The confession of the appellant in that case admitted the taking of some of the stolen property which was found in his possession, but did not admit the breaking and entry of the house.

For the error of the court in declining to submit the case on circumstantial evidence, the judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Jugde.—Referring to the case of Howell v. State, 109 Texas Crim. Rep. 42, 2 S. W. (2d) 861, and various others, it is insisted that the case is not one of circumstantial evidence. In the Howell case, supra, it proved that the house was entered by force. The state relied upon declarations and other evidence to connect the appellant with the breaking. Moreover, the ruling upon the original hearing to the effect that a charge on circumstantial evidence was not required was set aside and the case reversed upon motion for rehearing.

We have given consideration to the arguments and other authorities cited by the state, through its counsel, but remain of the opinion that in the present case the state relied upon circumstantial evidence alone and

that the law demanded an instruction to that effect. The refusal of the court, upon proper objection, to give the instruction, is error demanding a reversal.

The motion is overruled.

*Overruled.*

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A re-examination of the record in the light of the second motion for rehearing filed by counsel for the state leads us to the conclusion that the proper disposition of the case has been made in the opinion heretofore rendered. Therefore, the application to file a second motion for rehearing is denied.

*Denied.*