# MAY 31, 1933

## JOE CHISUM V. THE STATE.

No. 15822.   Delivered April 5, 1933.
Rehearing Denied May 31, 1933.
Reported in 60 S. W. (2d) 443.

The opinion states the case.

*Ditzler H. Jones,* of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

This is the second appeal. The opinion upon the former appeal will be found in 50 S. W. (2d) 321. The matters complained of which led to a reversal upon the former appeal appear wanting in the instant case. The facts are substantially the same, and reference therefor is made to the reported case referred to.

Appellant admitted his entry into the house, and that he took therefrom certain property which was identified and claimed upon the trial as that of the alleged owner. The defense rested upon two propositions: First, that the house was already open at the time he entered; and, second, that appellant's intent in taking the property was not that of appropriation, but of a temporary use with intent to return it. These two defensive issues were presented in the charge to which no exceptions were taken.

Bills of exception 1, 2, 3, 4 and 6 set out testimony, followed by a lengthy statement of the objections made, but in none of them does there appear any certificate or showing that the grounds of objection as stated, were true; or any facts from which might arise such deduction. Manifestly under all our authorities such bills are insufficient to present error. Levine v. State, 109 Texas Crim. Rep., 331; Taylor v. State, 108 Texas Crim. Rep., 678; Busby v. State, 106 Texas Crim. Rep., 293. Texas Jur., vol. 4, sec. 215, cited numerous authorities.

Bill of exception No. 5 complains of the cross-examination of a defense witness who had testified to appellant's good reputation. The cross-examination was as to witness' knowledge of particular acts of misconduct on the part of appellant in reference to his being arrested in connection with an intoxicating liquor charge and in connection with the burning of a barn. A witness to good reputation may be cross-examined as to specific instances of misconduct, as affecting the knowledge of such witness and the consequent reliability of his testimony.

We cannot close this opinion without calling attention to

the form of the statement of facts in this case. It has been exceedingly difficult for us to sift out pertinent facts in view of the insertion of numerous and lengthy statements, arguments and objections of counsel for the defendant, of many statements made and questions asked by the court, and of many statements made by the district attorney, none of which have any proper place in a narrative statement of facts. Nothing should appear in such statement of facts except the testimony of the witnesses. We have been compelled to devote much unnecessary time to the statement of facts in this case because of the manner and form in which same is prepared. There appear many questions, answers, and arguments, and we were seriously tempted to decline to consider it because of this violation of the statute.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In its substance and legal effect, the evidence is not materially different from that before the court on the former appeal. See Chisum v. State, 50 S. W. (2d) 321.

In the present instance, the bills of exception fail to comply with the essential requisites. They are particularly wanting in complying with the rule stated in Texas Jur., vol. 4, sec. 206, as follows: "The truth of the objections must be verified by the bill, that is, the bill must show that the objections stated are founded in fact and that the grounds of objection are true, and must set out such facts, and so much of the evidence as may be necessary for that purpose." In section 209 of the same text is found the following: "Where the statement of facts contains all the evidence requisite to explain the bill of exception evidence need not be set out in the bill; but it shall be sufficient to refer to the same as it appears in the statement of facts."

However, at the earnest insistence of counsel for the appellant, the bills of exception in the present case have been read and analyzed so far as possible in line with the elaborate argument of counsel. Touching the complaints of the rulings of the court, the following conclusions are stated:

The reception in evidence of the statement of the appellant that he had thrown certain locks into a dipping vat, which locks were later recovered and identified by Smart, the owner, was not improper; nor was the testimony of Smart that the appel-

lant admitted that he had entered the tent of Smart and removed therefrom property, including certain locks, claimed to have been taken from trunks, improperly received. The testimony of Smart that he left the premises in January, 1931, and left them locked, and upon his return a week later found his tent open and property removed was properly received.

The court properly ruled that the declarations of the appellant were not shown to be inadmissible due to his arrest. Apparently his declarations were either res gestae or competent under that part of the confession statute (article 727, C. C. P., 1925) in which such declarations result in the discovery of the fruits of the crime.

The appellant's admission that he obtained other property belonging to Smart besides that which was recovered was not improperly received. In view of the appellant's testimony of an innocent intention, the effort to secret himself and to escape from arrest was properly before the jury. Likewise, the evidence that he had been indicted for a felony was properly before the court in view of the fact that the appellant introduced testimony going to support his general reputation as a peaceable law-abiding citizen and also that he had sought a suspension of his sentence.

The motion for rehearing is overruled.

*Overruled.*