ALVIN (RED) PERRIN V. THE STATE.

No. 18065. Delivered March 18, 1936.

The opinion states the case.

*Reynolds & Heare* and *H. B. Hill,* all of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, two years in the county jail.

We find in the record no bills of exception. The accused requested four special charges,—one a peremptory request for an instruction to acquit; another, that the jury could only consider the case in the light of a misdemeanor theft; another, that the jury should not consider the testimony of the alleged owner of the property in question as to its value, and still another, that if the jury believed the property described in the indictment had a market value at the time and place of the taking, they should not consider the testimony of the alleged owner. We think all of these charges correctly refused.

In the brief of appellant his main contention is that the court erred in refusing to charge on the law of circumstantial evidence. We are not led to believe this a case wherein such charge was demanded. Appellant's written confession was introduced in evidence, in which he admitted that he and another took from a trailer parked in front of the Red Top Cottages tourist camp in Shamrock, Texas, on the night of the 27th of January, 1935, the casings, tubes and wheels of said trailer. He further said in his confession that he thought the trailer belonging to Mr. Bert Miller, who lived about a block east of the tourist camp. The facts showed without dispute that on the night of said January 27th the casings, tubes and wheels were taken from a trailer belonging to Mr. J. A. Miller, who lived a block east of said tourist camp. The property was recovered the next day at a point in Oklahoma where appellant and his confederate took it and sold it.

The opinions of this court, cited in appellant's brief, differentiate themselves upon their facts from the one before us. Thomas v. State, 279 S. W., 448, presents no question regarding a confession; no witness in said case identified the taker of the

property further than that he had on clothes like those worn by the accused in that case when found in possession of the alleged stolen property. On the question of identity, the case was held one of circumstantial evidence. In Chisum v. State, 121 Texas Crim. Rep., 44, the confession in evidence did not admit the breaking of the alleged burglarized building, which was otherwise shown to be open after a time when its owner had been in same, and before the alleged burglary, and lack of testimony that the building was opened by force led to the opinion that it was a case of circumstantial evidence. In Brown v. State, 126 Texas Crim. Rep., 449, no question of a confession appeared, but in view of the fact that no witness testified that the accused was one of the original takers of the alleged stolen cattle, and his identity as a taker being dependent upon his possession of the cattle at a time and place other than that where originally taken, we concluded the case one of circumstantial evidence. In Sanders v. State, 75 S. W. (2d) 116, we had a rape case, and there was no question of a confession in the case. Penetration by the accused of the girl in question was established only by the outcry declarations of the child, testified to by her mother, and the testimony left the fact of such penetration in such doubt as that we held the case one of circumstantial evidence. In Crawford v. State, 82 S. W. (2d) 957,—a burglary case,—it appeared to this court that the confession of the accused to the taking of the property contained no admission of the breaking and entry of the building, and our conclusion was that the breaking and entry was but an inference from the rather unsatisfactory statements in the confession, and hence the case was held one of circumstantial evidence.

In the instant case the proof is direct and positive that the alleged stolen property was taken at the time and place identified by appellant in his confession as the time and place when he took property identical with that lost. We are not able to bring ourselves to agree with appellant that the case is one of circumstantial evidence.

The judgment is affirmed.

*Affirmed.*