ALFRED PUNCHARD *alias* JOHN CORNELL V. THE STATE.

No. 21634. Delivered June 4, 1941.
On Rehearing October 22, 1941.
Request for Leave to File Second Motion for Rehearing Denied.
(Without Written Opinion) October 29, 1941.

The opinion states the case.

*Roy Baskin,* of Cameron, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Alfred Punchard, alias John Cornell, was convicted in Milam County upon an indictment which contained counts alleging former convictions, and was given a life sentence as a habitual criminal.

The evidence in the indictment alleging the commission of the crime for which he was presently charged amply sustains

the jury's verdict and is undenied. The record contains two bills of exception. Complaint is made of the action of the court in refusing to postpone the trial of the case for two days in order to enable his attorney to prepare for trial. The facts as contained in Bill of Exception No. One show that appellant was first indicted for burglary, after which it appears the discovery was made that he had been convicted of other crimes and served sentences. The first indictment in this case was October 29, 1940, in cause No. 10,303. On January 10, 1941, indictment was returned in cause No. 10,322, charging appellant with being an habitual criminal. A trial was set for January 16, following. Inasmuch as a life sentence would be imposed if appellant was found guilty, the court appointed an attorney and, upon his motion, postponed the trial until January 22. At this date appellant filed a motion to be tried in cause No. 10,303, which did not allege the former convictions. Answering this motion, the State asked that this cause be dismissed. Defendant's counsel then filed a motion to quash the indictment in cause No. 10,332 on the ground that it did not allege the final conviction in the former case. This motion was granted. On January 29 another indictment was returned to the same effect as the one quashed, correcting the things complained of therein. This was cause No. 10,327, and the trial was set for February 6, 1941. When the time arrived for the trial of this last indictment appellant's counsel filed a motion to set aside the order quashing the indictment in cause No. 10,322, because it was entered in appellant's involuntary absence, he having been returned to the penitentiary. This motion was granted by the court and the district attorney thereupon asked that cause No. 10,322 be dismissed, which motion was granted. That case was not appealed, and questions about it are not before us. At this time appellant's counsel asked for two days additional time to prepare for trial, which was denied. Appellant's two witnesses were present and, so far as we are able to determine from the record, he asked for no others and no complaint is made now of the absence of any witnesses. Cause No. 10,322 and 10,327 charged the same offense, the latter correcting the former. The witnesses called for in No. 10,322 were present and testified in this case. Jackson v. State, 27 S. W. (2d) 1102; McKenzie v. State, 11 S. W. (2d) 172; Apolinar v. State, 244 S. W. 813; Sulak v. State, 40 S. W. (2d) 157; Sands v. State, 97 S. W. (2d) 190.

During the trial of the case appellant's counsel made arguments to the jury which the trial court considered would prop-

erly point out defects in his charge. At least, it was an argument on the law which the court had not presented in his charge. Thereupon he interrupted the argument for a sufficient length of time to present to the jury additional written charge as Paragraph 15A, to the effect that when the State offers in evidence certified copies of judgment of convictions it makes a prima facie case of "final conviction" in the absence of evidence to the contrary.

The record does not show that appellant asked for time to file exceptions to this charge and that such time was refused him and it appears that he did except to it on the ground that it was on the weight of the evidence. He proceeded with the argument and it is not shown that he was denied the privilege of fully and completely arguing the case. We see nothing improper about this procedure. Mason v. State, 81 S. W. 718; Lott v. State, 131 S. W. 553; Watson v. State, 205 S. W. 662 (at page 669) Hoovel v. State, 69 S. W. (2d) 104; Arnold v. State, 74 S. W. (2d) 997. It is also complained that the court's charge fails to instruct the jury on the penalty. The defendant was being tried as an habitual criminal and the only penalty to be assessed was life imprisonment. The complaint will not be sustained. Pullen v. State, 84 S. W. (2d) 723; Haro v. State, 105 S. W. (2d) 1093; Wilson v. State, 139 S. W. (2d) 598.

Judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that he was entitled to have the case submitted to the jury on the theory that the jury might find him guilty of the primary offense charged, without reference to the allegations of the indictment charging prior convictions.

In submitting the case to the jury, appellant's guilt was made to depend upon the jury's finding, beyond a reasonable doubt, that he was guilty not only of the primary offense, but also of the prior convictions and in the event they entertained a reasonable doubt thereof to acquit. In addition to this charge, the jury were also instructed to acquit appellant if they entertained a reasonable doubt as to whether he was the identical person named in one of the counts of the indictment charging a prior conviction. Thus the charge was more favorable to

appellant than that insisted upon by him, because, under the charge, although the jury may have believed appellant guilty of the primary offense, yet they were required to acquit him if they entertained a reasonable doubt as to his guilt under one of the allegations of prior conviction. Moreover, there was no issue under the facts as to appellant's guilt.

We disclaim any intention of holding that a conviction under the provisions of enhanced punishment of Art. 63 P. C., commonly referred to as the "habitual criminal" statute, is a conviction of an offense of being an "habitual criminal" as claimed by appellant. Such statute is one of punishment and does not create an offense. Ex parte Seymour, 128 S. W. (2d) 46, 137 Tex. Cr. R. 103.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judge of the Court of Criminal Appeals and approved by the Court.