VICTOR FABIO FREYRE V. STATE

No. 28,353. June 6, 1956.

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *George P. Black-burn, John Burns, A. D. Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for attempt to commit burglary; the punishment, four years in the penitentiary.

The state's evidence shows that, on the night of July 9, 1955, two men were observed by Crencio Regalado walking behind the Helm Pontiac Company on Lancaster Street in the city of Dallas. Regalado, an employee of the company, testified he lived behind the company and upon observing these two unknown men he proceeded to the front of the office building where he heard something knocking on the wall of the building. The witness then drove to a drug store where the police were called. He then returned to the building where he met Sgt. Cain of the Dallas Police Department. Regalado and Sgt. Cain walked around the office building where they saw two men walking from behind the corner of the building on the inside of the fence. Sgt. Cain told the two men to stop, after which a shot was fired by one of the two. Cain returned the fire, but neither of the two shots met its mark. One of the men, identified as William P. Fulton, was arrested at the scene and both witnesses, Regalado and Sgt. Cain, identified appellant at the city hall, after his arrest and at the time of the trial, as one of the men whom they had seen on the company premises on the night in question.

An investigation of the office building revealed a hole had been knocked in the wall behind the safe located in the office.

Various tire tools and a sledge hammer were found near the building, which were not owned or used by the company, and some bricks were lying on the ground near the hole in the wall.

The court submitted the case to the jury under a charge of circumstantial evidence and we find the evidence sufficient to support its verdict.

The sole question presented for review is the action of the court in overruling appellant's amended motion for new trial on the ground of newly-discovered evidence.

Appellant relied upon the affidavits of two witnesses, William P. Fulton and Frank M. Clower, in which they stated, in substance, that they had committed the offense for which appellant was on trial; however, they did not state that the appellant was not present or that he did not participate in its commission.

On the hearing of the motion, it was shown that the witness Fulton was a co-defendant of the appellant and had been charged and convicted for the same offense and was, at the time, serving a term in the penitentiary. Under the provisions of Art. 711, V.A.C.C.P., the witness Fulton was not competent to testify in behalf of the appellant.

The record further shows that the witness Clower, upon being called to the stand, refused to verify the statements he had made in his affidavits on the ground of self-incrimination.

Under the record showing that the witness Fulton was incompetent to testify in behalf of the appellant and that the witness Clower refused to testify on the ground of self-incrimination, it does not appear that their testimony would produce a different result upon another trial; therefore, the court did not abuse his discretion in overruling the motion and no error is shown.

The judgment of conviction is affirmed.

Opinion approved by the Court.