Homer D. GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 36277.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Rehearing Denied Jan. 22, 1964.

No attorney on appeal for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Attempt to commit burglary is the offense; the punishment, two years.

The state's evidence shows that on the night in question city officers Gonzales and Meadows were on routine patrol duty in the city of McAllen. While traveling east in their patrol car on Austin Avenue, Officer Gonzales, with the aid of a spotlight, saw a man in an alley a block and a half away, standing by a large dumpster (a metal trash container). They then proceeded into the alley and stopped behind a store building in which John Womeldorf conducted a sporting goods business. The dumpster near where the man was standing was across the twenty-foot alley to the rear of the building. Upon investigation, the officers found that an attempt had been

made to enter the building by prying on both back doors and the shutters which overlapped a window in which a fan was located. Some pieces of wood had been broken off both doors and two locks had been pried off the overlapping shutters. Two of the fan blades were pushed in. In the further investigation which ensued, two different sets of shoe prints were found near a rear door and window of the building. Two tire tools were also found behind the building, one being under the window. While Officers Gonzales and Meadows were behind the building, Officer Ramirez, who was on patrol in the vicinity, saw an automobile being driven off a J. C. Penney parking lot some three-fourths block from Womeldorf's store. The automobile was driven to an alley and stopped. Officer Ramirez then observed two men run out of the alley and get in the automobile. The car was then driven away and after pursuing it for eight blocks, the officer brought it to a halt. Appellant at such time was riding in the right front seat, one Chavez was driving, and a man by the name of Medellin was riding in the back.

After the arrest, it was found that the shoes of appellant and Medellin fit exactly the shoe tracks found under the window behind the building. It was also ascertained that the tire tool found under the window behind the building fit the lug bolts on the automobile in which appellant was riding. A search of the automobile, after appellant's arrest, revealed that it had no tire tools in it.

It was also shown that all doors and windows to the building had been locked by the store owner, Womeldorf, when he closed the business on the evening before the attempted burglary and that he had not given appellant, or anyone, permission to enter the building.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

The record contains no formal bills of exception or objections to the court's charge.

The informal bills of exception appearing in the statement of facts have been considered, and do not present error.

We find the evidence sufficient to sustain the judgment of conviction.

The evidence shows an attempted burglary of the building in question. The proof of appellant's flight and proof that his shoes and those of his companion, Medellin, fit exactly the tracks found under the window at the scene, together with the other facts and circumstances, is sufficient to support his conviction. See: Tracy v. State, 111 Tex.Cr.R. 160, 12 S.W.2d 205; Taylor v. State, Tex.Cr.App., 233 S.W.2d 306; Bouchillon v. State, 160 Tex.Cr.R. 79, 267 S.W.2d 554; Freyre v. State, 163 Tex.Cr.R. 315, 291 S.W.2d 321; and Hanes v. State, Tex.Cr.App., 341 S.W.2d 428, in support of the conclusion reached here.

The judgment is affirmed.

Opinion approved by the Court.