**Fay William BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36374.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 12, 1964.

Second Motion for Rehearing Denied March 11, 1964.

C. C. Divine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Gene D. Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of four prior convictions for felonies less than capital, life imprisonment.

The state's evidence shows that the state's witness Edgar Hall and his wife lived in a house at 8211 Mendez, in the city of Houston. On the night in question, while Hall and his wife were away from home, a neighbor, Marvin Monzingo, saw the lights come on in the Hall residence and observed the appellant moving around in the kitchen. Monzingo proceeded across the street to a neighbor's house and, after talking to the neighbor, the two went to the Hall premises. As they approached the side of the house they observed a screen off of a window which was open. They proceeded to shine a flashlight through the window into a bedroom and observed the appellant sitting on a bed with a mixmaster between his legs. When they asked him what he was doing, he replied, "Nothing." They then left and the police were called. While they were waiting for the police to come, both appellant and his wife were seen to go from the Hall residence toward their house next door. At such time, appellant's wife was carrying a bundle. Thereafter, the officers arrived and placed appellant under arrest. It was shown that he did not have the consent of Hall to break and enter the house and that the windows and doors of the house were locked by Hall and his wife when they left the premises prior to the night in question. It was also shown that when the Halls returned home three days later they found a mixmaster and coffee pot on the floor in the bedroom, and, later, two of their bedspreads were seen in a bedroom of appellant's home.

Proof was made of the four prior alleged convictions by the introduction in evidence

of certain duly authenticated records of the Texas Prison System and comparison of fingerprints in the manner approved by this court in Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154.

Testifying as a witness in his own behalf, appellant admitted entering the house on the night in question but gave as an explanation that his wife had gone into the house and brought to their residence a bundle of chattels, including a mixer and coffee pot, and that he had gone to the Hall house and entered through the open window to return the articles. Appellant swore that he had no intention to steal anything. He also admitted the four prior alleged convictions.

██ The jury by their verdict rejected appellant's testimony, and we find the evidence sufficient to sustain their verdict.

██ Under the decisions of this court, the very act of breaking and entering a house in the nighttime raises a presumption that it is done with intent to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

██ In submitting the issue of appellant's guilt to the jury, the court charged the jury, in substance, that if they found the appellant guilty of the alleged burglary and further found that he had been previously convicted of the four felonies less than capital, alleged in the indictment, they would find him guilty as charged, and in such event the form of their verdict would be:

"We, the Jury, find the defendant guilty as charged in the indictment, and that he has previously been convicted of four felonies less than capital, which said convictions had become final."

The court further instructed the jury that if they had a reasonable doubt as to appellant's guilt of the burglary, as charged in the indictment, to find him not guilty.

The jury returned the verdict, set out in the court's charge, finding appellant guilty of the primary offense of burglary and that he had been previously finally convicted of the four felonies less than capital.

Appellant complains that, under the court's charge, the jury were not permitted to find him guilty only of the primary offense and assess his punishment at confinement in the penitentiary for a term of years of not less than two nor more than twelve.

Under the court's charge, the jury, before convicting appellant, were required to find not only that he was guilty of the primary offense but that he had been previously convicted of the four alleged felony offenses. The jury could not, under the court's instructions, have convicted appellant upon a finding that he was guilty of the primary offense and that he had not been previously convicted of the four prior alleged offenses.

The charge given by the court was more favorable to appellant than if it had authorized the jury to find him guilty only of the primary offense. Appellant is therefore in no position to complain. Punchard v. State, 142 Tex.Cr.R. 531, 154 S.W.2d 648; Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182; Leal v. State, Tex.Cr.App., 332 S.W. 2d 729.

██ Complaint is made to the court's action in permitting the state's witness Rex Fullerton to identify a fingerprint card (state's exhibit #5) as fingerprints which he took of appellant, and admitting the same in evidence, on the ground that at such time appellant was under arrest and was forced to give testimony against himself. In Mendez v. State, Tex.Cr.App., 362 S.W.2d 841, a similar claim of incrimination by submitting to the taking of fingerprints was overruled by this court. We find no merit in the contention.

██ Complaint is also made to the court's action in sustaining the state's objection to the proffered testimony of appellant's wife, on the ground that she was incompetent, being also charged as a principal in the commission of the burglary. We find no error in the court's action, as the record

shows that appellant's wife had been separately indicted for the burglary and that she had been convicted and assessed punishment of three years in the penitentiary, probated. Under the provisions of Art. 711, Vernon's Ann.C.C.P., she was an incompetent witness on behalf of appellant. Freyre v. State, 163 Tex.Cr.R. 315, 291 S.W.2d 321.

 Appellant's remaining complaint is to the court's refusal to declare a mistrial when the prosecution, on cross-examination of appellant, asked " * * * if in 1933 you were convicted," which question was by state's counsel withdrawn upon objection being made and not answered by appellant. Under the record, the court's refusal to grant a mistrial does not present reversible error.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant re-urges his complaint that the trial court erred in refusing to admit the testimony of his wife who was also charged as a principal in the commission of the primary offense of burglary for which he was herein convicted on the ground that she could not be called by him as a defense witness.

The evidence shows that appellant and wife were indicted for the same offense of burglary. On the same date but before appellant's trial began in this case, his wife was convicted for the burglary, punishment was assessed at three years and she was placed on probation.

In considering similar facts where the wife was under a suspended sentence this Court held that until the prosecution was dismissed she could not be called as a de-

fense witness by her husband. Howell v. State, 109 Tex.Cr.R. 42, 2 S.W.2d 861. A defendant's wife while on probation would be in the same position as appellant's wife in the Howell case, supra.

The motion for rehearing is overruled.

Opinion approved by the Court.