**Henry Walter STONEHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37973.**

Court of Criminal Appeals of Texas.

March 24, 1965.

Rehearing Denied May 5, 1965.

Charles E. Benson, Lubbock (on appeal only), for appellant.

Alton R. Griffin, Dist. Atty., William M. Laubach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is burglary; the punishment, enhanced under Article 63, Vernon's Ann. P.C., by two prior convictions for felonies less than capital, life imprisonment.

The state adduced testimony from Elmo Umlang showing that he was service manager for Western Forklift Company in Lubbock, Texas; that he was in full custody and control of the building that was entered on the night of October 1, 1963; that he knew the appellant, who had formerly worked as a parts man under his employment; that he saw appellant in the alley on the night of October 1, at approximately 9:30 just before he (Umlang) left; that he did not talk with appellant; that when he came to work the next morning a window was broken out and a cash box which was kept in the filing cabinet and the money in it were missing; that the appellant knew where the cash box was kept, as did all the employees of the company. Witness Umlang testified that he had not given appellant permission to break in the building or to take cash from the filing

cabinet. This witness further testified upon cross-examination that he did not know, of his own knowledge, that appellant broke into the building and took the money, and that of his own knowledge he did not know but that some one of the four other employees may have taken it, as they all knew where the money was kept.

Herbert Brink, a member of the police department of the city of Lubbock, testified that he investigated a "break-in" call at Western Forklift Company on October 2, 1963, and found that a window had been broken; that a cash register in the back of the building was empty and a filing cabinet had been opened and the contents moved around.

Chief Deputy Sheriff George Eubank testified that he had a burglary warrant for appellant's arrest and that he went to Wheeling, West Virginia, about the middle of October to get appellant; that he brought appellant back and placed him in the Lubbock County jail on October 17, 1963, and that appellant had been in custody ever since and had not been released from jail since that date.

Jack Reeves testified that he was an investigator for the district attorney's office of Lubbock County; that he saw appellant on March 5, 1964; that on said date appellant made a voluntary statement to him at the district attorney's office; that all statutory formalities were complied with and that in his opinion the appellant knew the consequences of signing the statement. Appellant's counsel objected to "going into anything about a statement given by this defendant, first, for the reason that there is a fatal variance between the statement and the offense for which this man is charged. The burglary is alleged to have been committed on the 1st day of October, 1963, and this alleged statement states that he committed a burglary on November 1, 1963, and that at that time he was in jail, by the testimony of the officers, so there would be a fatal variance between the statement and the offense for which the man is charged, and that is the objection that I am going to have to any testimony regarding any statement, by the witness."

Omitting the formal parts, the statement reads:

"On the first of November 1963 I went to the Western Forklift which is located at 1610 4th street. I went to a window that is located in back of the building. I broke out this window and crawled into the building. Once inside I went to a fileing cabnet which is located in the office. I opened the drawer and got the cash box out. I then went back out the same way that I got in. When I left I took the cash box and the money that was in it with me. I left the next day for West Virginia and I took the cash box with me. I wish to say that the Western Fork Lift that I broke into is located in Lubbock County, Texas."

■ We here observe that there was no error on the part of the trial judge in admitting the confession. The variance complained of was certainly not fatal. It merely raised a fact issue which the jury resolved against appellant. The one month's difference in dates did not take the offense of burglary out of the limitation period, the indictment having been presented on July 9, 1964. We perceive no error in its admission.

■ The two prior convictions were established from testimony of J. R. Dever, district clerk of Lubbock County, Texas, who testified from the original records in the two causes. The state also established the identity of appellant from testimony adduced from Wayne Love, a lieutenant of the Lubbock police department, showing appellant to have been the same person convicted in the first case in 1957. The state also introduced certified copies of the prison records of appellant, reflecting the two prior convictions. Additionally, H. H. Jackson, a fingerprint expert from the sheriff's office of Lubbock County, testified

that he had examined and compared the fingerprints in the records of the two prior convictions with fingerprints taken from appellant on October 17, 1963, and that the three sets of fingerprints were of the same man.

We find the evidence sufficient to sustain the jury's verdict.

Appellant's able counsel brings forward several contentions which he forcefully urged in his brief and oral argument as error.

 We have heretofore disposed of one of the contentions with reference to the variance between the indictment and appellant's confession as to the date of commission of the offense. We find no error in the admission of certain testimony to the fact of the other prior convictions, the date of commission of the second prior offense, and the identification of appellant. We disagree with appellant's contention that this testimony allowed the state to go into the details of these prior offenses.

The confession of appellant, in which he admitted breaking and entering the building, rendered unnecessary a charge on circumstantial evidence. 4 Branch's Ann.P.C.2d 888, Sec. 2555; Glover v. State, Tex.Cr.App., 46 S.W. 824; Winn v. State, 82 Tex.Cr.R. 316, 198 S.W. 965. This is true, notwithstanding the discrepancy between the date of the commission of the offense alleged in the indictment and the date named in the confession. Dimery v. State, 156 Tex.Cr.R. 197, 240 S.W.2d 293.

We perceive no reversible error in the court's instruction to the jury that the statement in appellant's confession that he committed the burglary in "November" was exculpatory, and to acquit him unless they believed from the evidence beyond a reasonable doubt that the state had disproved such statement by other evidence. Treating the statement as exculpatory was favorable to appellant.

Appellant's remaining contention that reading the allegations of the indictment charging the prior convictions and making proof thereof before the jury trying him for the primary offense constituted a deprivation of due process of law has been recently rejected by this court. See: Crocker v. State, 385 S.W.2d 392, and cases there cited.

The judgment is affirmed.

Opinion approved by the court.