**Leroy KNOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39213.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 13, 1966.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Edward B. McDonough, Jr., and Frederick M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

Trial was before a jury on a plea of not guilty. Notice of appeal was given on August 6, 1965, and entered of record as part of the sentence.

The prior convictions were proved by the records and appellant admitted his identity as the defendant so convicted.

The evidence from the standpoint of the state shows that appellant, while in the appliance section of Britt's Department Store in Houston, was seen by a clerk to go behind a counter, stoop down, open the front counter and take two radios out, then open the second counter and take two radios out. As he was walking toward the rear exit he was holding one of the radios underneath his coat. When stopped, some 10 or 15 feet from the exit, he had four radios in his possession, one inside his pants, one in his pants pocket, one in his coat pocket and the one that he was holding under his coat.

The state's evidence further shows that the four radios were of the value of more than $50 and that the assistant manager in custody and control of the merchandise in the store did not give his consent to the removal of the radios from their location in the store.

Appellant's version was that he went to the store to buy a radio; had selected a transistor Valiant and was looking for someone to pay. He denied having any other radios in his possession or having any intent to steal a radio.

The jury resolved the disputed issue of fact against appellant.

The record shows that appellant orally moved for continuance and that his objections to the court's charge were orally made. Any error in the overruling of such

motion and objections is not preserved, the statutes requiring such to be in writing. See Arts. 540 and 658 Vernon's Ann.C.C.P.

The record further reflects that appellant objected to the sustaining of the state's objection to the question propounded to the jury panel on voir dire as to whether or not they understood the penalty to be meted out if appellant was "found to be guilty of being an habitual criminal."

Under the statutes and decisions applicable at the time of the trial, the trial court did not err in sustaining the state's objection. Punchard v. State, 142 Tex.Cr.R. 531, 154 S.W.2d 648.

The judgment is affirmed.